**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark DAVIDSON, Defendant–**
**Appellant.**

**No. 00–50033.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2000

Filed April 19, 2001

Patricia Donahue, Assistant United States Attorney, Santa Ana, California (argued) and Stephen G. Wolf, Assistant United States Attorney, Los Angeles, California (brief).

Alan Rubin, Epstein, Adelson & Rubin, Los Angeles, California (brief and argued) and George Bird, Bird & Bird, Torrance, California, for the appellant.

Before: GOODWIN, HUG, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case addresses the narrow question whether an individual who pleaded guilty

to possession of images of child pornography "transported ... by computer" in violation of a federal law can be compelled to register as a sex offender pursuant to California Penal Code § 290, when at the time that the individual violated the federal law, his conduct was not an enumerated offense under California law. We find that in the specific circumstance described above, an individual cannot be compelled to register as a sex offender.[1]

## I.

## FACTS AND PROCEDURAL HISTORY

Appellant Mark Davidson ("Davidson") appeals an order of the district court requiring him to register as a sex offender pursuant to California Penal Code § 290. The district court's order required Davidson to comply with § 290 as a condition of his probation, which was imposed after Davidson pleaded guilty in federal court to the knowing possession of child pornography "produced using materials which have been ... shipped or transported, by any means including by computer" in violation of 18 U.S.C. § 2252(a)(4)(B).[2]

At the time that Davidson committed this offense, he was a sixty-eight-year-old tenured professor of journalism at California State University at Dominguez Hills. Davidson claimed that he downloaded the images of child pornography onto his computer as part of an undercover investigation he conducted to examine the role of cyberspace in the dissemination of child pornography.[3] The government contended, and the district court agreed, that there was strong evidence indicating that Davidson had crossed the line in his role as an investigative journalist and entertained a prurient interest in the child pornography that he downloaded.[4]

1. Davidson also claims that California Penal Code § 290 is unconstitutional as applied to him. Because we find Davidson is not compelled to register as a sex offender pursuant to California Penal Code § 290, we need not reach this issue.

2. The statute provides, in relevant part:
 (a) Any person who ...
 (4) either ...
 (B) *knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter* which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or *which was produced using materials which have been mailed or so shipped or transported, by any means including by computer,* if—
 (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 (ii) such visual depiction is of such conduct;
 shall be ... fined under this title or imprisoned not more than 5 years, or both....
 *Id.* (West 2000) (emphasis added).

3. On September 1, 1997, Davidson published an article in which he discussed the internet

as facilitating the "most widespread distribution of child pornography in history." the article noted that for a monthly fee of $19.95, anyone with a computer and a modem could access a wide range of on-line pornographic services, including chat-rooms and websites that allow pedophiles to trade personal anecdotes as well as pictures and videos of sexually exploited children. the article pointed out that most of these on-line services fail to notify their users of the "severe Federal criminal penalties" that can be incurred by trafficking in these images. Mark Davidson, *Is the Media To Blame for Child Sex Victims?*, USA TODAY MAGAZINE, Sept. 1, 1997.

4. In support of his argument that his motive in downloading the images of child pornography was "pure," Davidson noted that he told the FBI Agents who executed the search warrant of his home where they could find the computer floppy discs after their search failed to turn up evidence that he possessed child pornography. Davidson claims that this action evinces his sincere belief that he had done nothing wrong. The government argues that Davidson informed the agents of the location of the computer floppy discs only after

On January 28, 1997, Davidson was indicted in federal court on one count of violating 18 U.S.C. § 2252(a)(4)(B). He pleaded guilty to the offense as charged in the indictment on April 7, 1997.[5] As part of his plea, Davidson admitted that during the eight-day period between April 3 and April 11, 1995, he downloaded images of child pornography from the Internet onto his computer hard drive and eleven floppy computer disks.

On July 22, 1997, the district court fined Davidson $15,000 and sentenced him to three years probation on the condition that he serve eight months of home detention. At no time during the plea negotiations, plea colloquy, sentencing, or the first two years of probation was Davidson informed by the United States Attorney, his defense counsel, the court, or his probation officer that his federal conviction required him to register as a sex offender under California law.

Approximately two years after Davidson was sentenced, and after he had paid the $15,000 fine and completed his eight months of home detention and two-thirds of his probation, Davidson was informed by his newly assigned probation officer that he was required to register as a sex offender pursuant to California Penal Code § 290. The probation officer told Davidson that if he refused to register, she would inform the local authorities that Davidson was in violation of a condition of his probation that he obey all state laws. Davidson argued that he was not required to register because at the time that he committed the federal offense—possession of images of child pornography "transport-

ed ... by computer" his conduct did not constitute a crime under California law.

The issue was brought to the attention of the district court pursuant to a stipulated request filed by Davidson and the government. In the request, the parties asked the district court to hold a status conference to determine whether Davidson was legally required to register as a sex offender. The district court held a status conference regarding Davidson's motion on October 18, 1999, and ordered briefing on the matter. Davidson filed a memorandum on November 1, 1999, and the government filed a response on November 8. On December 21, 1999, the court issued a brief, unexplained order directing Davidson to register as a sex offender as a condition of his probation. Davidson filed a timely notice of appeal on January 3, 2000.

## II.

## DOES CALIFORNIA LAW REQUIRE DAVIDSON TO REGISTER AS A SEX OFFENDER?

The government asserts that Davidson was obligated to register as a sex offender under California Penal Code §§ 290 and 311.11(a). Section 290(a)(2)(D) requires any person who has been convicted of one of a series of enumerated state law offenses, or any federal offense that "would have been punishable" as one of those enumerated state law offenses, to register as a sex offender "for the rest of his or her life while residing in ... or ... while

---

the agents had seized his hard drive, which also contained images of child pornography.

5. As a condition of the plea agreement, Davidson preserved his right to appeal the district court's denial of his motion to suppress the computer floppy discs that were taken from his home pursuant to a search warrant.

Davidson subsequently appealed the district court's denial of his motion to suppress, in which he argued that the warrant used to obtain the computer discs was defective. On May 27, 1998, this court affirmed the district court's ruling. *United States v. Davidson*, 145 F.3d 1341 (9th Cir.1998) (unpublished memorandum disposition).

located within California." CAL. PENAL CODE § 290(a)(2)(D).[6]

One of the enumerated state law offenses listed under California Penal Code § 290 is California Penal Code § 311.11(a), which criminalizes the knowing possession of "any matter, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years ... personally engaging in or simulating sexual conduct." CAL. PENAL CODE § 311.11(a).[7] At the time that Davidson downloaded images of child pornography onto computer floppy discs, the term "matter" was defined in two separate sections of California Penal Code § 311. Subparagraph (b) of California Penal Code § 311, which appears under the heading "Definitions," states:

> "Matter" means any book, magazine, newspaper, or other printed or written material, or *any picture, drawing, photograph, motion picture, or other pictoral representation,* or any statue or other figure, *or any recording, transcription, or mechanical, chemical, or electrical reproduction, or any other articles, equipment, machines, or materials.* "Matter" also means live or recorded telephone messages when transmitted, disseminated, or distributed as part of a commercial transaction.

*Id.* (West 1995) (emphasis added).

California Penal Code § 311.11(d) elaborates further: "matter as defined in subdivision (b) of Section 311, also includes developed or undeveloped film, negatives, photocopies, filmstrips, slides, and videotapes, the production of which involved the use of a child under the age of 18 years."

 The government contends that included within the definition of prohibited "matter" under the 1995 version of California Penal Code § 311 are the computer floppy discs that Davidson pleaded guilty to possessing under federal law. Specifically, the government argues that the possession of child pornography materials "transported ... by computer," a violation of 18 U.S.C. § 2252(a)(4)(B), "would have

---

6. Included below is the text of the relevant portions of the statute:

> [Section] 290.(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in, or, if he or she has no residence, while located within California, or while attending school or working within California ... shall be required to register with the chief of police of the city in which he or she is residing, or, if he or she has no residence, is located....
> (2) The following persons shall be required to register pursuant to paragraph (1):
> (D) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including state [or] *federal ... court, of any offense which, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subparagraph (A)* or any person ordered by any other court, including any state, federal, or military court, to register as a sex offender for any offense, if the court found at the time of conviction or sentencing that the person committed the

offense as a result of sexual compulsion or for the purposes of sexual gratification.
> *Id.* (West 2000) (emphasis added).

7. At the time that Davidson pleaded guilty to violating 18 U.S.C. § 2252(a)(4)(B) in federal court, Title 9 of the California Penal Code provided, in relevant part:

> § 311.11. Possession or control of *matter* depicting minor engaging or simulating sexual conduct; punishment; previous conviction
> (a) Every person who knowingly possesses or controls any *matter*, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a public offense and shall be punished by imprisonment in the county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment.
> *Id.* (West 1995) (emphasis added).

been punishable" as a violation of state law under California Penal Code § 311.11(a). The government's argument hinges on the proposition that the computer floppy discs constitute a type of pornographic "matter" that was criminalized under the 1995 version of California Penal Code § 311.11(a).

Davidson argues that at the time he violated the federal law, his conduct would not "have been punishable" under California law because California Penal Code § 311.11(a) did not include computer-generated images in its definition of prohibited matter. In support of his argument, Davidson observes that the definition of "matter" in the 1995 version of California Penal Code § 311 did not include the word "computer" or any term associated with computer-generated images. Moreover, the definition of "matter" prohibited by California Penal Code § 311 was amended by the California legislature in 1996—after Davidson downloaded the pornographic images onto his computer—to include various types of computer-generated images, including images contained on a "computer floppy disc." [8]

Davidson claims that the 1996 amendment, which changes the language of California Penal Code § 311 to criminalize explicitly the possession of child pornography contained on "computer hardware, computer software, computer floppy disc, data storage media, CD–ROM or computer-generated equipment," evinces the intent of the California legislature to expand the definition of "matter" to include a new category. The government counters that the amendment to California Penal Code § 311 was intended by the legislature as a clarification, rather than an expansion, of the term "matter." CAL. PENAL CODE § 311.11(a).

To resolve this dispute we must determine, according to well-established rules of statutory construction, which party's interpretation of the 1995 version of California Penal Code § 311.11(a) is more plausible.[9]

8. The 1996 amended version of Title 9, § 311.11 of the California Penal Code reads:
 § 311.11 Possession or control of matter depicting minor engaging or simulating sexual conduct; punishment; previous conviction
 (a) Every person who knowingly possesses or controls any matter, representation of information, data, or image, *including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD–ROM, or computer-generated equipment or any other computer-generated image* that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under 18 years personally engaging in or simulating sexual conduct, as defined in subsection (d) of Section 311.4, is guilty of a public offense and shall be punished by imprisonment in the county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment.
 *Id.* (emphasis added).

9. We note that this case presents an issue entirely separate from the issue decided in

*Russell v. Gregoire,* 124 F.3d 1079 (9th Cir. 1997), in which this court held that a Washington state statute did not violate the Ex Post Facto Clause of the United States Constitution by requiring that convicted sex offenders register, inter alia, their names, addresses, places of employment, and the offense for which they had been convicted with the county sheriff's department. *Id.* at 1082. The statute also provided that the community be notified of "the offender's name, age, [and] date of birth" as well as provided with information concerning the "offender's crime and the general vicinity of the offender's residence." *Id.* at 1083. We found that the Washington law did not violate the Ex Post Facto Clause because a sex offender registration and community notification regulation was a regulatory measure rather than a criminal punishment: "[r]egistration does no more than apprise law enforcement officials of certain basic information about an offender living in the area.... [W]e are satisfied that [the law] [does] not manifest any intent to punish." *Id.* at 1087–88.

Unlike the defendants in *Russell,* Davidson does not challenge the California sex offender

## A. Canons of Statutory Interpretation

We review de novo the district court's construction or interpretation of a statute. *United States v. Kakatin,* 214 F.3d 1049, 1051 (9th Cir.2000). Our analysis begins with "the language of the statute." *Bailey v. United States,* 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). When interpreting the statutory text, this court "consider[s] not only the bare meaning of the word but also its placement and purpose in the statutory scheme." *Id.* at 145, 116 S.Ct. 501.

Where the plain language of a statute is ambiguous, a court may go beyond the words of the statute "to examine the textual evolution of the [contested language] and the legislative history that may explain or elucidate it." *United States v. R.L.C.,* 503 U.S. 291, 298, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992). In examining the textual evolution and legislative history of a statute, however, the function of the courts is to determine the intent of the legislature, "not to rewrite the statute based on our notions of appropriate policy." *Bankamerica Corp. v. United States,* 462 U.S. 122, 140, 103 S.Ct. 2266, 76 L.Ed.2d 456 (1983).

## B. The 1995 Version of California Penal Code § 311

As stated above, the term "matter" is defined in two different places in the 1995 version of California Penal Code § 311, which was in effect at the time that Davidson downloaded images of child pornography from the Internet. CAL. PENAL CODE §§ 311(b) and 311.11(d) (West 1995). Section 311(b) defined prohibited "matter" as, *inter alia,* any "pictoral representation

... or mechanical, chemical, or electrical reproduction, or any other articles, equipment, machines, or materials" that involves a minor child engaging in or simulating sex acts. Section 311.11(d) defined matter to also include "developed or undeveloped film, negatives, photocopies, filmstrips, slides, and videotapes."

The government argues that the terms "pictoral representation ... or mechanical, chemical, or electrical reproduction, or any other articles, equipment, machines, or materials" are clear references to computer-generated images, including those images found on computer floppy discs. We find this reading of the 1995 version of California Penal Code § 311 unconvincing. The word "computer" does not appear in the definition of "matter" in §§ 311(b), 311.11(d), or anywhere else in the 1995 version of the statute. Also absent from the 1995 version of the statute are terms of art such as "hard-drive," "software," "CD–ROM," and "floppy disc," which are commonly associated with the digital technology that produces or transmits computer-generated images.

The lack of any reference to computer terminology in the text of the 1995 version of the statute supports the view that the California legislature did not consider including computer-generated images within the definition of prohibited matter. Moreover, as explained more fully below, the legislative history of California Penal Code § 311 provides overwhelming evidence that the legislature amended § 311 to *expand* the definition of matter to include computer-generated images. We conclude, therefore, that the plain meaning of "matter" as it appears in the 1995 version of California Penal Code § 311 does not include computer floppy discs.[10]

registration law as a violation of the Ex Post Facto Clause. Davidson's challenge is a far narrower one: he contests the conclusion of the district court that the federal crime to which he pleaded guilty "would have been punishable," at the time he committed it, as a

state law offense requiring registration under California Penal Code § 290.

10. Nor are we persuaded by the government's argument that this case is controlled by our decision in *United States v. Smith,* 795 F.2d

## C. The 1996 Amendment to California Penal Code § 311.11(a)

In 1996, the California legislature made several amendments to California Penal Code § 311. One of the amendments involved the alteration of the first sentence of subdivision (a) of the statute. After stating its intention to penalize criminally "[e]very person who knowingly possesses or controls" any "matter" containing images of child pornography, the legislature inserted the following modification:

> matter ... includ[es], but [is] not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD–ROM, or computer-generated equipment or any other computer-generated image ... [that] depicts a person under the age of 18 years personally engaging in or simulating sexual conduct....

CAL. PENAL CODE § 311.11(a) (West 1996).

Subdivision (d) of the 1995 version of California Penal Code § 311.11 already listed "negatives, photocopies, filmstrips, slides, and videotapes" as falling within the definition of prohibited "matter," CAL. PENAL CODE § 311.11(d) (West 1995). Therefore, the only new terms supplied by the 1996 amendment were: "video laser disc, computer floppy disc, data storage media, CD–ROM, or computer-generated equipment, or any other computer-generated image." Each of these terms refers to computer technology that stores, generates, or transmits visual images. Moreover, the 1996 amended version of California Penal Code § 311.11(a)—in contrast to the 1995 version of California Penal Code § 311.11(a)—explicitly prohibits the knowing possession of images of child pornography contained on "computer floppy disc," which is exactly the type of contraband that Davidson was prosecuted for possessing under federal law.[11]

841 (9th Cir.1986), *cert. denied*, 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987). In *Smith*, the defendant took nude photographs of underage girls and sent the undeveloped, unprocessed film to another state using the postal service. *Id.* at 844–45. He was convicted, *inter alia*, of sending a "visual depiction" of child pornography through the mail in violation of 18 U.S.C. § 2252(a). *Id.* at 845. On appeal, Smith argued that the statutory term "visual depiction" did not include unprocessed, undeveloped film. We rejected this argument. In affirming Smith's conviction, we concluded that: "the exclusion of unprocessed film from the statute's coverage would impede child pornography laws by protecting a necessary intermediate step in the sexual exploitation of children." *Id.* at 846.

The statute at issue in *Smith* did not contain any definition of "visual depiction," nor was there any pertinent legislative history to elucidate the meaning of this term. In the context of this legislative silence, we determined the "broader, affirmative intent of Congress" by considering the public policy goals behind the enactment of the statute. *Id.* at 846–47 & n. 3. No such recourse to public policy goals is

required in this case for two reasons. First, matter is defined in two different sections of the 1995 version of the statute: California Penal Code §§ 311(b) and 311.11(d). Second, when the California legislature amended the statute in 1996, it explicitly stated that the amendment was intended to "expand" the definition of matter to include, *inter alia*, images found on computer floppy discs.

11. The federal statute under which Davidson was prosecuted, 18 U.S.C. § 2252(a)(4)(B), does not explicitly criminalize the knowing possession of "computer floppy disc[s]" containing images of child pornography. Section 2252(a)(4)(B) does, however, explicitly criminalize the knowing possession of

> *matter which contain any visual depiction* that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials *which have been mailed or so shipped or transported, by any means including by computer*, if—the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct.....

*Id.*

The government's argument that "computer floppy disc" and the other computer terms inserted into the definition of "matter" by the 1996 amendment were intended as a clarification of the statute is not supported by the legislative history. Indeed, the legislative history of California Penal Code § 311 supports the opposite conclusion—a reading of the statute that gives independent meaning to the computer terminology that was added in 1996 to the list of prohibited "matter." Assembly Bill 295, which contains the 1996 amendments to California Penal Code § 311.11, has an introductory section entitled "Legislative Counsel's Digest." In describing the purpose of Bill 295, the Digest states:

This bill would *expand* the definition of the term "matter" to include any representation of information, data, or image, including, but not limited to … computer hardware, computer software, computer floppy disc, data storage media, CD–ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner any film or filmstrip. *Because the bill would incorporate this expanded definition into these criminal provisions, it would change the definitions of various crimes.* …

H.R. 295, Reg. Sess. (Ca.1996) (emphasis added).

The use of the words "expand the definition of the term 'matter'" is evidence of a clear intent by the legislature to add a new category of child pornography—computer-generated images—to the list of "matter" prohibited by California Penal Code § 311.11(a). Because we find that the 1996 amendment to California Penal Code § 311.11(a) was intended to "expand" the existing definition of pornographic matter banned by the statute to include computer-generated images, we conclude that the definition of pornographic matter banned by the 1995 version of California Penal Code § 311.11(a) did not include computer-generated images. Therefore, at the time that he committed the offense to which he pleaded guilty in federal court, Davidson's conduct would not "have been punishable" as an offense as defined by California Penal Code § 311.11(a) and he cannot be compelled to register as a sex offender pursuant to California Penal Code § 290.

## III.

## CONCLUSION

The order of the district court amending the conditions of probation to require registration pursuant to California Penal Code § 290 is VACATED.