**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christian Johannes LACKNER,
Defendant—Appellant.**

No. 02–10605.
D.C. No. CR–02–00379–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Lackner's request for oral argument.

Susan Knight, AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Christian Johannes Lackner, pro se, San Francisco, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM **

Christian Johannes Lackner appeals pro se the district court's affirmance of his petty offense conviction and $75 fine, after trial before a magistrate judge, for failure to stop his bicycle at a stop sign in violation of 36 C.F.R. § 1004.12. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Davidson,* 246 F.3d 1240, 1246 (9th Cir.2001), and we vacate and remand.

The district court properly rejected the magistrate judge's interpretation of the California Vehicle Code, which is incorporated by reference in the federal regulation, because the relevant provision of the Code does not require a driver or cyclist to come to a complete stop before reaching a posted stop sign when there is no limit or stop line. *See* Cal. Veh.Code § 22450(a) ("If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway."). There is no basis in the plain language of the statute, however, for the district court's ruling that the statute would nonetheless prohibit a driver who had not yet reached the intersection from making a U-turn without stopping. We remand because there was conflicting testimony as to whether Lackner entered the intersection before making a U-turn, and the magistrate judge made no finding on this issue. *See United States v. Prieto-*

---

*Villa,* 910 F.2d 601, 610 (9th Cir.1990) (holding that remand to district court is appropriate if there are no essential factual findings on which to base appellate review).

VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.