## NATIONAL FEDERATION OF FEDERAL EMPLOYEES LOCAL 589, Petitioner,

v.

## FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

Nos. 94–1582, 94–1615.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 1, 1995.

Decided Jan. 9, 1996.

Phillip R. Kete, Washington, DC, argued the cause, for petitioners National Federation of Federal Employees Locals 589 and 1765. Jeffrey Sumberg entered an appearance for National Federation of Federal Employees, Local 1765.

William R. Tobey, Deputy Solicitor, Federal Labor Relations Authority, argued the cause, for respondent with whom David M. Smith, Solicitor, and James F. Blandford, Attorney, were on the brief. Wendy B. Bader, Attorney, Washington, DC, entered an appearance.

Before: GINSBURG, ROGERS and TATEL, Circuit Judges.

ROGERS, Circuit Judge:

In *Colorado Nurses Association v. FLRA,* 851 F.2d 1486, 1487 (D.C.Cir.1988), the court concluded that under 38 U.S.C. § 7421 (Supp. V 1993),[1] Congress had granted the Secretary of Veterans Affairs exclusive discretion to establish regulations relating to the working conditions of certain medical personnel in the Veterans Health Administration ("VHA"), including registered nurses, and hence the Secretary need not engage in collective bargaining with regard to such conditions. Thereafter, in 1991, Congress enacted legislation to provide that such employees would, in fact, have the same fundamental rights of collective bargaining as other federal employees under chapter 71 of title 5 of the United States Code, but with three ex-

---

1. The statutes relating to Veterans Health Administration personnel were recodified in 1991. *See* Department of Veterans Affairs Health–Care Personnel Act of 1991, Pub.L. No. 102–40, 105 Stat. 187. Thus, 38 U.S.C. § 7421 was formerly codified at § 4108(a), and 38 U.S.C. § 7425(b) was formerly codified at § 4119. In 1988, Congress redesignated the Veterans' Administration as the Department of Veterans Affairs. Department of Veterans Affairs Act, Pub.L. No. 100–527, sec. 2, 102 Stat. 2635, 2635 (1988). The Department of Medicine and Surgery was renamed the Veterans Health Services and Research Administration, *id.* sec. 6, 102 Stat. at 2640, and later redesignated as the Veterans Health Administration. Pub.L. No. 102–40, sec. 2, 105 Stat. 187, 187.

ceptions, including that peer review would be non-negotiable. 38 U.S.C. § 7422(a), (b)(2) (Supp. V 1993).

In the instant consolidated appeals the VA denied three registered nurses the right to have a union representative participate on the record in a peer review investigation of the employee's work history, and the nurses were fired. Before the court, the National Federation of Federal Employees Locals 589 and 1765 ("the Union") contend that because the right to have a union representative at a disciplinary interview is not among the exclusions made in the 1991 amendments and is not barred by any provision of chapter 74 of title 38 governing VA medical personnel, the Federal Labor Relations Authority ("FLRA") impermissibly expanded the residual exemptions of title 38. We deny the Union's petitions for review. Even were we persuaded by the Union's argument that representational rights under *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975),[2] fall within the scope of the collective bargaining protections of § 7422(a), an issue we need not decide, the VA's decision to bar union representation would still fall within the peer review exception of the 1991 amendments.

## I.

The VA hires registered nurses for a two-year probationary period. 38 U.S.C. § 7403(b)(1) (Supp. V 1993). If at the end of the probationary period a nurse's work record is not satisfactory, she will be discharged. *Id.* § 7403(b)(2).

The VA informed Linda Geoghegan and Betty J. Chamness, registered nurses at the VA Medical Center in Jackson, Mississippi, that a Nurses Professional Standards Board would conduct a peer review of their work records during the probationary period. *Department of Veterans Affairs, Veterans Affairs Med. Ctr., Jackson, Mississippi,* 48 F.L.R.A. 787 (1993), *rev'd,* 49 F.L.R.A. 171 (1994), *reconsideration denied,* 49 F.L.R.A. 701 (1994). The nurses, who were represent-

ed. by Local 589, requested that a union steward represent them at the peer review meetings. 48 F.L.R.A. at 788–89. In accordance with the Secretary's previously issued regulation that an employee "has no entitlement to legal or other representation" at such peer review meetings, VA Manual MP–5, pt. II, ch. 4.06(4), the VA did not allow the union stewards to participate on the record, although the stewards could be present at the meetings. Thereafter, both nurses were discharged. *Id.*

On behalf of Local 589, the General Counsel of the FLRA filed a complaint with the Authority. The FLRA initially ruled that 38 U.S.C. § 7422 was inapplicable because that statute dealt only with "collective bargaining" and the representational rights in 5 U.S.C. § 7114(a)(2)(B) "are not tied to collective bargaining." 48 F.L.R.A. at 793. Because the VA had failed to comply with § 7114, the FLRA ordered it to repeat the peer review hearing. *Id.* at 794–800. However, on reconsideration in light of the subsequently issued decision of this court in *U.S. Department of Veterans Affairs v. FLRA,* 9 F.3d 123 (D.C.Cir.1993) (*Veterans Affairs*), the FLRA reversed its decision. 49 F.L.R.A. 171. The FLRA explained that it was following the court's decision in *Veterans Affairs* that the Secretary had absolute authority to regulate peer review procedures for certain VA medical personnel, including registered nurses. *Id.* at 174–75. The FLRA denied Local 589's motion for reconsideration. 49 F.L.R.A. at 704.

In the second, consolidated, case, *Department of Veterans Affairs, Veterans Affairs Med. Ctr., Leavenworth, Kansas,* 49 F.L.R.A. 1624 (1994), Arlene Wightman, a probationary registered nurse at the VA Medical Center in Leavenworth, Kansas, was denied the right to union representation at her peer review examination. The FLRA dismissed Local 1765's complaint for the same reasons as it set forth in the Jackson, Mississippi case. *Id.* at 1627–28.

---

**2.** In *Weingarten,* the Supreme Court upheld the Board's determination that under § 7 of the National Labor Relations Act, 29 U.S.C. § 157, an employee who is represented by a union has the right to be represented by the union at an investigative interview that the employee reasonably believes will result in discipline. 420 U.S. at 256, 95 S.Ct. at 963.

The Union filed petitions for review in both cases.[3] 5 U.S.C. § 7123(a). Our standard of review is *de novo.* *Veterans Affairs,* 9 F.3d at 126. The FLRA is charged with administering chapter 71 of title 5 and has no authority over chapter 74 of title 38. Accordingly, "we owe no deference to the FLRA's statutory interpretation" in cases dealing with the intersection of the two statutory schemes. *Id.; see also Colorado Nurses,* 851 F.2d at 1488.

## II.

Briefly stated, most federal employees have been governed since 1978 by the Federal Service Labor–Management Relations Act, chapter 71 of title 5, 5 U.S.C. §§ 7101–7135 (1994). Those labor rights did not necessarily apply to VA medical personnel, however, because Congress had declared when it established the Veterans Health Administration in 1946 that "[n]otwithstanding any law, Executive order, or regulation, the Secretary shall prescribe by regulation the hours and conditions of employment." Veterans' Administration, Department of Medicine and Surgery, Pub.L. No. 79–293, sec. 7(b), 59 Stat. 675, 677 (1946), *codified as amended at* 38 U.S.C. § 7421(a) (Supp. V 1993).[4] In 1980 Congress reaffirmed that VA medical personnel remained governed exclusively by chapter 74 of title 38, 38 U.S.C. §§ 7401–7474 (Supp. V 1993), whenever title 5 "is inconsistent with" title 38. Veterans Administration Health–Care Amendments of 1980, Pub.L. No. 96–330, sec. 116(a)(1), 94 Stat. 1030, 1039, *codified as amended at* 38 U.S.C. § 7425(b);[5] *see also Veterans Affairs,* 9 F.3d at 125–26. In 1983, for purposes largely irrelevant here, Congress created a new category of VA medical personnel ("hybrid" employees).[6] Veterans' Health Care Amendments of 1983, Pub.L. No. 98–160, secs. 201, 203(a), 97 Stat. 993, 1000, *codified as amended at* 38 U.S.C. §§ 7401(3), 7403(f)(1), (2). Five years later Congress established that such "hybrid" employees are subject to title 38 except that "all matters relating to adverse actions, disciplinary actions, and grievance procedures" are governed by chapter 71 of title 5. Veterans' Benefits and Services Act of 1988, Pub.L. No. 100–322, sec. 221, 102 Stat. 487, 531, *codified at* 38 U.S.C. § 7403(f)(3). The registered nurses in the instant cases are "non-hybrid" employees.[7] *See* 38 U.S.C. § 7401(1).

In 1991 Congress granted "non-hybrid" VHA employees the right "to engage in collective bargaining" in accordance with chap-

---

**3.** Although the Union filed its petition for review of the Jackson, Mississippi, case in the Fifth Circuit, No. 94–40347 (docketed Apr. 26, 1994), the case was transferred to this court because the 1991 amendments to title 38 restrict venue in cases involving "the applicability of chapter 71 of title 5 to" VA medical personnel to the District of Columbia Circuit. 38 U.S.C. § 7422(e). On motion of the FLRA, the court consolidated the petitions for review.

**4.** Section 7421 provides that:

(a) Notwithstanding any law, Executive order, or regulation, the Secretary shall prescribe by regulation the hours and conditions of employment and leaves of absence of employees appointed under any provision of this chapter in positions in the Veterans Health Administration listed in subsection (b).

(b) Subsection (a) refers to the [positions listed in § 7401(1)].

**5.** Section 7425(b) provides that:

Notwithstanding any other provision of law, no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with any provision of section 7306 or this chapter shall be considered to supersede,

override, or otherwise modify such provision of that section or this chapter except to the extent that such provision of title 5 or of such other law specifically provides, by specific reference to a provision of this chapter, or such provision to be superseded, overridden, or otherwise modified.

**6.** "Hybrid" employees currently include:

[c]linical or counseling psychologists who hold diplomas as diplomates in psychology from an accrediting authority approved by the Secretary, certified or registered respiratory therapists, licensed physical therapists, licensed practical or vocational nurses, pharmacists, and occupational therapists.

38 U.S.C. § 7401(3).

**7.** "Non-hybrid" employees currently include "[p]hysicians, dentists, podiatrists, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries," 38 U.S.C. § 7401(1), as well as "[p]sychologists (other than those described in paragraph (3)), dietitians, and other scientific and professional personnel, such as microbiologists, chemists, biostatisticians, and medical and dental technologists." *Id.* § 7401(2).

ter 71 of title 5. Department of Veterans Affairs Health–Care Personnel Act of 1991, Pub.L. No. 102–40, sec. 202, 105 Stat. 187, 200–01, *codified at* 38 U.S.C. § 7422(a). In the 1991 amendments, Congress carved out three exceptions to § 7422(a); there would be no right to engage in collective bargaining with respect to "any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation." 38 U.S.C. § 7422(b).[8] The Secretary determines whether a matter falls within one of the three exceptions, and the Secretary's determination is not itself subject to collective bargaining and is unreviewable by any other agency. *Id.* § 7422(d).

If the nurses in these consolidated appeals were subject to all provisions of chapter 71 of title 5, they would enjoy the *Weingarten* rights that they claim. Federal employees, in general, have the right to have a union representative present at "any examination of an employee in the unit by a representative of the agency in connection with an investigation." 5 U.S.C. § 7114(a)(2)(B).[9] However, the court has already indicated how these appeals must be resolved.

Subsequent to congressional enactment of the 1991 amendments to title 38, the court in *Veterans Affairs*, relying on the three exceptions set forth in § 7422(b) pursuant to the 1991 amendments, concluded that the Secre-

tary retained "plenary power to prescribe regulations" over "non-hybrid" employees relating to "peer review." [10] *Id.* at 129. Although the court in *Veterans Affairs* discussed only the collective bargaining rights enjoyed by "non-hybrid" employees under § 7422 and not rights under chapter 71 of title 5 unrelated to collective bargaining, the limitation of the discussion to collective bargaining rights necessarily follows from the fact that § 7422 deals only with collective bargaining rights, however defined. Consequently, the FLRA persuasively argues, in light of *Colorado Nurses*, that because registered nurses are subject to the Secretary's authority under § 7421(a), the Secretary has unfettered discretion with regard to the regulations governing registered nurses. Section 7425 makes clear that chapter 71 of title 5, or any other section of that title, will not override or modify title 38 provisions, absent an express statement of such intent. In the FLRA's view, either the collective bargaining rights conferred in § 7422(a) do not include *Weingarten* rights or, alternatively, if the *Weingarten* rights are collective bargaining rights they fall within the peer review exception of § 7422(b). Under § 7422(d), the decision whether the procedures at issue are "peer review" procedures under § 7422(b) lies in the sole discretion of the Secretary (subject to judicial review). Therefore, we agree with the FLRA's view that the Secretary exercises complete discretion over peer review procedures—whether the rights in

---

**8.** Section 7422 provides in part that:
  (a) Except as otherwise specifically provided in this title, the authority of the Secretary to prescribe regulations under section 7421 of this title is subject to the right of Federal employees to engage in collective bargaining with respect to conditions of employment through representatives chosen by them in accordance with chapter 71 of title 5 (relating to labor-management relations).
  (b) Such collective bargaining (and any grievance procedures provided under a collective bargaining agreement) in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title.

**9.** Section 7114(a)(2) provides in part that:

An exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at . . .
  (B) any examination of an employee in the unit by a representative of the agency in connection with an investigation if—
  (i) the employee reasonably believes that the examination may result in disciplinary action against the employee; and
  (ii) the employee requests representation.

**10.** The *Veterans Affairs* court held that, with respect to "hybrid" employees, "proposals relating to peer review promotion procedures . . . are nonnegotiable under § 7403." 9 F.3d at 125. However, because "hybrid" employees enjoy all the rights of "non-hybrid" employees as well as the particular rights under § 7403(f), the court first had to address whether "non-hybrid" employees had the right to negotiate over peer review procedures. *Id.* at 127.

question are characterized as representational rights that fall within § 7421(a), or as collective bargaining rights that fall within § 7422(b).

The Union's responses are unpersuasive in the face of this court's precedent. First, it maintains that "non-hybrid" employees have statutory rights to union representation, unrelated to collective bargaining, that do not depend on the 1991 amendments. However, the Union's interpretation of the interaction between chapter 71 of title 5 and chapter 74 of title 38 would effectively repeal the broad authority granted to the Secretary under § 7421(a) to prescribe regulations "[n]otwithstanding any law." Since the enactment of § 7422 in 1991, the court has reaffirmed the interpretation of § 7421(a) set forth in *Colorado Nurses,* that Congress created the exemption in order to afford the Secretary control over the conditions of employment for VA medical personnel unrestricted by the regular civil service system for federal government employees.[11] *Veterans Affairs,* 9 F.3d at 125; *Colorado Nurses,* 851 F.2d at 1489.

Second, the Union contends that when Congress enacted § 7422 in 1991, it intended to bring VA medical personnel under chapter 71 of title 5 except for the three exceptions in § 7422(b), which apply only to collective bargaining. In other words, even though the Union cannot bargain over peer review procedures, the Union maintains that it is assured representational rights at the peer review hearings even when the Secretary has promulgated contrary regulations under § 7421(a). The Union relies on a passage in the explanation of the 1991 amendments by Senator Cranston, the bill's principal sponsor and chairman of the Veterans' Affairs Committee, who stated that one purpose of the amendments was "[t]o ensure that title 38 employees are afforded the same fundamental rights as other Government employees in terms of their employee-management relations, while protecting the special professional nature of title 38 employment." 137 Cong. Rec. S4543 (daily ed. Apr. 17, 1991). Yet

this general language, as well as the Senator's other remarks on the bill, *id.* at S4544, recognizes that the statute as enacted is a compromise between potentially conflicting purposes. Moreover, the Union has no explanation for why the "collective bargaining" rights in § 7422(a) should be more extensive than the exception for "collective bargaining" over "peer review" in § 7422(b).

Third, the Union maintains that the FLRA's interpretation of § 7425 is incorrect because chapter 71 of title 5 is not among the statutes specifically listed in § 7425(a) as inapplicable to VA medical personnel. The Union then reads § 7425(b) to allow federal statutes not specifically enumerated to govern VA medical personnel unless there is a direct conflict with a provision in chapter 74 of title 38. In the Union's view, because there is no such direct conflict between the representational right in 5 U.S.C. § 7114 and the exclusion of peer review from the scope of bargaining in 38 U.S.C. § 7422, § 7114 governs. But the Union's reliance on the omission of chapter 71 of title 5 from § 7425(a) is misplaced because § 7425(a) serves the limited purpose of exempting VA medical personnel from the Senior Executive Service of title 5. *See* Explanatory Statement of Compromise Agreement on H.R. 71021/S. 2534, 126 Cong.Rec. 20,760 (1980), *reprinted in* 1980 U.S.C.C.A.N. 2557, 2561. More important, § 7425(b), which was originally codified in a different section from § 7425(a), was enacted to ensure that "no provisions from title 5 or elsewhere (whether heretofore or hereafter enacted) shall be considered to supersede, override, or otherwise modify title 38 provisions unless such other provision does so expressly by specific reference to the title 38 provision." *Id.* at 20,761, *reprinted in* 1980 U.S.C.C.A.N. at 2565, *quoted in Colorado Nurses,* 851 F.2d at 1491. Thus, the Union's argument that chapter 71 of title 5 controls except for a "direct conflict" cannot overcome § 7425(b)'s requirement that Congress clearly express an intent to override chapter 74 of title 38.

---

11. Because the Secretary has exercised his plenary authority to prescribe regulations contrary to § 7114(a)(2)(B), we have no occasion to address whether VA medical personnel would have title 5 rights in the absence of a regulation. *Cf. United States Dep't of Veterans Affairs v. FLRA,* 1 F.3d 19, 21 & n. 2 (D.C.Cir.1993).

Congress has gradually extended some of the protections in chapter 71 of title 5 to VA medical personnel, for example by creating the "hybrid" class of employees in 1983 and by granting all VA medical personnel limited collective bargaining rights in 1991. Unless and until Congress decides to further extend chapter 71 of title 5 to Veterans Health Administration employees, however, Congress has made clear in § 7421(a) the presumption that the Secretary has complete discretion over the conditions of employment of VA medical personnel. Accordingly, we deny the petitions for review.