# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
LOCAL 2152, EDWIN D. SAVLOV,
M.D.,
   *Plaintiffs-Appellants/Cross-*
       *Appellees,*

     v.

ANTHONY J. PRINCIPI, Secretary of
Veterans Affairs, ROBERT H.
ROSWELL, M.D., VA Under
Secretary for Health,
   *Defendants-Appellees/Cross-*
       *Appellants.*

Nos. 04-16607
  04-16692

D.C. No.
CV-02-00379-ECR

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed Jr., District Judge, Presiding

Argued and Submitted
June 14, 2006—San Francisco, California

Filed October 2, 2006

Before: Mary M. Schroeder, Chief Judge, Susan P. Graber,
Circuit Judge, and Kevin Thomas Duffy,*
Senior District Judge.

Opinion by Judge Duffy

*The Honorable Kevin Thomas Duffy, Senior District Judge for the
Southern District of New York, sitting by designation.

17197

## COUNSEL

Kevin M. Grille, Assistant General Counsel, American Federation of Government Employees, ALF-CIO, Chicago, Illinois, for the plaintiffs-appellants/cross-appellees.

Greg Addington, Assistant United States Attorney, Reno, Nevada, for the defendants-appellees/cross-appellants.

## OPINION

DUFFY, Senior District Judge:

Plaintiffs-Appellants/Cross-Appellees American Federation of Government Employees, AFL-CIO ("AFGE"), and Dr. Edwin Savlov (collectively "Appellants") brought this action to challenge Defendants-Appellees/Cross-Appellants' ("Appellees" or "VA")[1] exemption from arbitration of a grievance that had been filed under the negotiated grievance procedure of a collective bargaining agreement. Ruling on cross-

---

[1]Anthony Principi and Dr. Robert Roswell were the designated officials for the U.S. Department of Veterans Affairs. Principi was the Secretary of Veterans Affairs and has been replaced by the Hon. R. James Nicholson. Roswell was the VA Under Secretary for Health and has been replaced by the Hon. Jonathan B. Perlin, M.D., Ph.D.

motions for summary judgment, the district court accepted one reason given by the VA, but found that an alternate reason would not have justified the exemption from arbitration. Appellants appealed and the VA cross-appealed the district court's rejection of the alternate ground asserted as a basis for an exemption from arbitration. The VA also appeals the district court's earlier denial of a motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

Dr. Savlov was a VA physician who filed a grievance alleging unlawful discrimination based upon his age and gender. Dr. Savlov spent approximately seventy percent of his time providing primary care services, in the form of compensation and pension examinations ("C&P examinations"), and approximately thirty percent of his time performing surgeries. The basis of the grievance was the allegation that Dr. Savlov was removed from surgical duties at the age of seventy-six, and his "specialty pay" for surgery was discontinued, even though, allegedly, a female physician of approximately the same age, who had also been removed from surgical duty, continued to receive specialty pay. Dr. Savlov was denied specialty pay from 2000, when he was removed from surgical duty, until 2002, when he retired and ceased all work for the VA. He estimates that he was denied a total of approximately $46,000 in specialty pay, which he allegedly should have received in addition to his pay for his primary care duties.

Title VII of the Civil Service Reform Act of 1978 ("CSRA"), codified at 5 U.S.C. §§ 7101 - 7135, governs labor management and relations for non-postal federal employees. The CSRA authorizes collective bargaining with certain federal employees. The CSRA also directs that a collective bargaining agreement ("CBA") "shall provide procedures for the settlement of grievances." 5 U.S.C. § 7121(a)(1). "*[A]ny grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration* which

may be invoked by either the exclusive representative or the agency." *Id.* at § 7121(b)(1)(C)(iii) (emphasis added). The grievance procedure in this case was the product of a CBA that the union, as labor's "exclusive representative," negotiated with the VA pursuant to 5 U.S.C. § 7114(a)(4).

The United States Court of Appeals for the District of Columbia's ("D.C. Circuit") decision in *Colorado Nurses Ass'n v. FLRA*, 851 F.2d 1486 (D.C. Cir. 1988), questioned whether the CSRA applied to the labor rights of VA medical professionals. In response to the *Colorado Nurses* decision, Congress enacted 38 U.S.C. § 7422 as part of the Department of Veterans Affairs Labor Relations Improvement Act of 1991 in an effort to grant VA medical professionals the title 5 collective bargaining rights enjoyed by other federal employees.

While VA medical professionals now enjoy collective bargaining rights, including a grievance procedure, these rights are restricted by three significant exemptions designed to ensure adequate patient care and to prevent conflicts with statutorily established pay scales. The rights to grievance procedures provided by a CBA do not extend to three statutorily exempted types of disputes, relevantly including "any matter or question concerning or arising out of (1) professional conduct or competence . . . or (3) the establishment, determination, or adjustment of employee compensation under this title." *Id.* § 7422(b). Section 7422(d) provides that whether a matter concerns or arises from one of the exemptions of § 7422(b) "shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency." 38 U.S.C. § 7422(d).

After exhausting the procedures of the negotiated grievance process, AFGE Local 2152, acting on Dr. Savlov's behalf, sought to have the grievance resolved by a labor arbitrator, in accordance with the terms of the CBA. Before the dispute was finally submitted to the arbitrator, VA Under Secretary Ros-

well issued a "decision paper," under the authority of 38 U.S.C. § 7422(d),[2] determining that the grievance was exempt from the terms of the CBA because the grievance involved issues of "professional conduct or competence" and because it "concerns or arises out of a matter or question of the establishment, determination, or adjustment of compensation under Title 38." After issuing its decision paper, the VA moved for the arbitration to be dismissed with prejudice, based upon the exemptions defined by § 7422(b). The arbitrator dismissed the case without prejudice to give Appellants an opportunity to seek judicial review. Plaintiffs filed no exceptions to the arbitrator's decision and filed this action, claiming that the VA had "misused, misapplied and violated 38 U.S.C. § 7422(b) and (d)."

The district court ruled on the parties' cross-motions for summary judgment and found that the VA misapplied the exclusion based on "the establishment, determination, or adjustment of employee compensation," 38 U.S.C. § 7422(b)(3), but was exempted from arbitration because it had correctly applied the "professional conduct or competence" exemption under 38 U.S.C. § 7422(b)(1). Plaintiffs filed a timely notice of appeal, and the VA cross-appealed, arguing that the district court erred: (1) in rejecting the VA's argument that the matter was exempt from arbitration because it involved an "adjustment of employee compensation" under 38 U.S.C. § 7422(b); and (2) in rebuffing the VA's claim that the D.C. Circuit is the exclusive forum for judicial review of this dispute.

---

[2]A 1992 memorandum of the VA Secretary delegated the authority to make § 7422(d) determinations to the VA Under Secretary.

## DISCUSSION

### A.  *The District Court Had Subject Matter Jurisdiction Over The Dispute*

#### 1.  *Standard of Review*

The district court properly denied the VA's motion to dismiss for lack of subject matter jurisdiction. Our review of the district court's subject matter jurisdiction is de novo. *See, e.g.*, *Campos v. Nail*, 940 F.2d 495, 496 (9th Cir. 1991). The district court based its assertion of jurisdiction on 28 U.S.C. § 1331, which authorizes original jurisdiction in federal district courts over disputes arising out of the application of federal law. *See Gallo Cattle Co. v. U. S. Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998) ("[A] federal court has jurisdiction pursuant to 28 U.S.C. § 1331 over challenges to federal agency action as claims arising under federal law, unless a statute expressly precludes review."). The VA argues that the district court's jurisdiction over this case was precluded by § 7422(e) of title 38, which provides:

> A petition for judicial review or petition for enforcement under section 7123 of title 5 in any case involving employees described in section 7421(b) of this title or arising out of the applicability of chapter 71 of title 5 to employees in those positions, shall be taken only in the United States Court of Appeals for the District of Columbia Circuit.

The VA argues that § 7422(e) applies to this case and limits the forum in which judicial review could have been sought by Appellants because the § 7422(d) determination denied the applicability of the grievance procedure and, therefore, the applicability of chapter 71 of title 5 to Dr. Savlov.[3] Appellants

---

[3]Dr. Savlov was a member of one of the categories of employees listed in § 7421(b).

argue that § 7422(e) limits jurisdiction only over petitions arising "under section 7123 of title 5." Section 7123 of title 5 relates to judicial review of orders of the Federal Labor Relations Authority ("FLRA"), and no such order was ever issued in this case because judicial review was sought instead of an appeal to the FLRA. An appeal of the arbitrator's dismissal to the FLRA would have been fruitless because the FLRA constitutes a different agency and cannot rule on the propriety of the VA's use of § 7422(d). *See U.S. Dep't of Veterans Affairs*, 57 F.L.R.A. 681 (2002).

"We review de novo the district court's construction or interpretation of a statute. Our analysis begins with the language of the statute." *United States v. Davidson*, 246 F.3d 1240, 1246 (9th Cir. 2001) (citation and internal quotation marks omitted). The parties vigorously dispute the statutory construction and legislative history of § 7422(e). The VA argues that several possible readings of § 7422(e) grant the D.C. Circuit exclusive jurisdiction over disputes that do not involve an FLRA order, but we reject the VA's alternate readings of the statute and affirm the district court's assertion of jurisdiction.

## 2. The VA's First Proposed Reading of § 7422(e)

[1] A "petition for review" is a phrase associated with judicial review of an administrative decision. Section 7123(a) of title 5 authorizes judicial review for "[a]ny person aggrieved by any final order of the [FLRA]." A "petition for enforcement" is a petition, filed by the reviewing administrative agency, such as the FLRA, which seeks judicial enforcement of an order. Both parties agree that, under the best reading of the statute, both of the terms "petition for judicial review" and "petition for enforcement" are modified by the phrase "under section 7123 of title 5." The parties disagree on how this phrase is modified by the remaining phrase, "in any case involving employees described in section 7421(b) of this title or arising out of the applicability of chapter 71 of title 5 to

employees in those positions." The VA argues that the clause "or arising out of the applicability of chapter 71 of title 5 to employees in those positions" has independent meaning and that the D.C. Circuit has exclusive jurisdiction over any appeal challenging the VA's application of "chapter 71 of title 5 to employees in those positions." The VA argues that jurisdiction is therefore limited to the D.C. Circuit for review of any petition for review or enforcement "under section 7123 of title 5 in any case involving [VA health care professionals]" or any petition "arising out of the applicability of chapter 71 of title 5 to employees in those positions."[4]

[2] We do not agree with the VA's proposed reading of the statute. Section 7422(e) limits jurisdiction to the D.C. Circuit only with respect to a "petition for judicial review or petition for enforcement under section 7123 of title 5." To read the statute as suggested by the VA would expand the statute's reach beyond its plain meaning. The meaning of the language "or arising out of the applicability of chapter 71 of title 5 to employees in those positions" can be determined by the context, which is that this clause refers to a petition involving such issues. The types of petitions that are jurisdictionally limited are specified in the first clause of the sentence, which refers to "petitions for review or petitions for enforcement under section 7123 of title 5." The VA argues that the opening phrase "a petition for review or petition for enforcement" is actually modified by two independent phrases, the first being "under section 7123 of title 5 in any case involving employees described in section 7421(b) of this title" and the second modifying phrase being "or arising out of the applicability of chapter 71 of title 5 to employees in those positions." The problem with the VA's reading is that it divorces the phrase "petition for review or petition for enforcement" from the words "under section 7123 of title 5" even though that section

_____

[4]This appeal appears to be the first time the VA has proposed this reading. We address a proposed alternate reading of the statute, which was argued by the VA before the district court, in the next section.

clearly refers to and defines the types of orders that may serve as the basis for such petitions, and despite the fact that these clauses are not grammatically separated in a way to indicate that any of the subsequent text in § 7422(e) refers to petitions not brought under § 7123. The plain language of § 7422(e) refers only to petitions for review or petitions for enforcement under § 7123 of title 5. Section 7123 of title 5, in turn, specifically references petitions for review and petitions for enforcement as means to challenge or enforce certain FLRA orders. Moreover, the types of petitions for judicial review are limited by § 7123 and would have precluded judicial review of an FLRA order in the instant case.

**[3]** Although all parties would agree that § 7422(e) was not intended to prevent all forms of judicial review, they disagree about whether any meaningful review could take place under the VA's construction of the statute. Because § 7422(d) prohibits review by any other agency, it is undisputed that the FLRA would not have had jurisdiction over the dismissal of the arbitration in this case. Accordingly, the D.C. Circuit would have affirmed the FLRA's dismissal and never reached the merits of the arbitration in light of § 7123(a), which prohibits judicial review of a petition for review of an FLRA decision that involves the award of an arbitrator "unless the order involves an unfair labor practice under section 7118 of this title." 5 U.S.C. § 7123(a)(1). Because no unfair labor practice under § 7118 was involved in this case, as a practical matter, an appeal from the arbitrator's decision would be immune from any form of substantive agency or judicial review.

**[4]** The VA asserts that the statutory construction adopted by the district court, and urged by Appellants, renders the phrase "or arising out of the applicability of chapter 71 of title 5 to employees in those positions" superfluous because that clause is preceded by a clause referring to petitions brought under § 7123 of title 5 "*in any case* involving employees described in section 7421(b) of this title." 38 U.S.C. § 7422(e)

(emphasis added). Although at first blush, the phrase "in any case" appears to cover any FLRA cases involving such employees, a closer reading of the section shows that the words "or arising out of the applicability of chapter 71 of title 5" clause does not have independent meaning but modifies the phrase "under section 7123 of title 5 in any case involving employees described in section 7421(b) of this title." We do not believe that such a reading renders the phrase "arising out of the applicability of chapter 71 of title 5 to employees in those positions" superfluous because the phrase is merely a description of a type of FLRA order that can only be reviewed in the D.C. Circuit as opposed to other courts that may otherwise have had jurisdiction. *See* 5 U.S.C. § 7123(a) and (b) (authorizing petitions for review of FLRA orders "in the United States court of appeals in the circuit in which the person resides or transacts business" and petitions for enforcement in "any appropriate United States court of appeals"); *Preminger v. Principi*, 422 F.3d 815, 821 (9th Cir. 2005) ("Section 502 gives the Federal Circuit exclusive jurisdiction to review challenges to most actions by the Secretary of Veterans' Affairs."). Moreover, the statute does not provide for exclusive jurisdiction over petitions for review or enforcement "in any case" involving a § 7123 order involving § 7421(b) employees or "in any case" arising out of the applicability of chapter 71 of title 5 to such employees. Instead, the statute's drafters placed the phrase "in any case" after a description of the types of petitions whose review would be jurisdictionally limited (i.e., petitions for review or enforcement under 5 U.S.C. § 7123). Therefore, based on the plain language of the statute, we conclude that § 7422(e) does not grant exclusive jurisdiction to the D.C. Circuit over petitions involving § 7421(b) employees or the applicability of chapter 71 or title 5, unless those petitions also arise from an FLRA order as described in 5 U.S.C. § 7123. Because no such order was issued in this case, we find that the district court properly asserted jurisdiction.

### 3.   *The VA's Second Proposed Reading of § 7422(e)*

**[5]** The VA's admittedly "second best construction" of the statute suggests that the various canons of statutory construction, including the doctrine of the last antecedent, should control our reading of the statute. Under the doctrine of the last antecedent, qualifying phrases are to be applied to the words or phrase immediately preceding the qualifier and are not to be construed as modifying more remote phrases. *See Bingham, Ltd. v. United States*, 724 F.2d 921, 926 (11th Cir. 1984). The VA argues that, applying the doctrine of the last antecedent, "under section 7123 of title 5" modifies only the words "petition for enforcement" and not the words "petition for judicial review."

We find this argument unpersuasive. The implication of the VA's argument is that any petition for review involving a § 7142(b) employee, irrespective of the subject matter, would have to be litigated in the D.C. Circuit. This reading is inconsistent with our reading of the text, as discussed above, as well as the statutory framework and history of § 7422(e).

**[6]** Nothing in the text of § 7422(e), or case law addressing judicial review of VA actions, suggests that Congress intended to grant exclusive jurisdiction to the D.C. Circuit over all petitions for review brought by VA professionals in any context. *See, e.g.*, *Preminger*, 422 F.3d at 821 (discussing the Federal Circuit's exclusive jurisdiction over most actions of the VA Secretary). When, as in this case, the doctrine of the last antecedent is inconsistent with the plain language and the legislative history of the statute, a court must adhere to a logical plain reading of the statute. *See May Trucking Co. v. Or. DOT*, 388 F.3d 1261, 1268 (9th Cir. 2004) (holding that the doctrine of the last antecedent only applies "where no contrary intention appears"); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 833 (9th Cir. 1996) ("[W]e are not inflexible in our application of the doctrine of last antecedent, and have recognized that the principle must yield to the most

logical meaning of a statute that emerges from its plain language and legislative history."). Section 7422(e), plainly refers to both a "petition for judicial review" and a "petition for enforcement" in connection with the phrase "under section 7123 of title 5." Moreover, 5 U.S.C. § 7123(a) provides that "[a]ny person aggrieved by any final order of the Authority other than [certain exceptions] . . . may . . . institute an action for *judicial review*." Section 7123(c) goes on to provide that "[u]pon the filing of a *petition under subsection (a) of this section for judicial review* or under subsection (b) of this section for enforcement, . . . the court . . . shall have jurisdiction of the proceeding." We conclude that Congress must have used the term "petition for judicial review" and the term "petition for enforcement" in the phrase "petition for judicial review or petition for enforcement under 7123" in the sense those terms are used in 5 U.S.C. § 7123 and therefore intended that petitions for review be treated in the same fashion as petitions for enforcement vis-à-vis § 7422(e). We turn now to the legislative history of § 7422(e) and conclude that it is also inconsistent with the grammatical constructions offered by the VA.

### 4. *The Legislative History of § 7422(e)*

**[7]** While we base our conclusion that § 7422(e) does not provide exclusive jurisdiction over this case to the D.C. Circuit on the plain language of the statute, we examine the legislative history to ensure that our reading comports with Congress' intent and to demonstrate that the alternative grammatical readings offered by the VA are inconsistent with the logical meaning of the language in light of the section's history. We find that the legislative history of § 7422(e) reveals that it was developed independently of § 7422(d) and that the two subsections are concerned with entirely different subject matters.

Although § 7422 was not enacted until 1991, its origins lay in a congressional bill proposed in 1990. The original, 1990

version of § 7422(d) provided only one exemption from arbitration and review by other agencies of grievances involving issues of professional conduct or competence. The 1990 version also precluded administrative review by any other agency and precluded review of the VA Secretary's determination *by any court*. *See* H.R. Rep. No. 101-466 at 55 (1990) (proposed as new 38 U.S.C. § 4108(b)(2)). The 1990 House version of § 7422(e) also contained almost identical language to the final 1991 version, discussed above, and thereby provided for judicial review of certain petitions by the D.C. Circuit. The doctor and the union representing him argue that this development shows that Congress intended to treat § 7422(d) review distinctly from § 7422(e) review. Moreover, Plaintiffs-Appellants suggest that the subsequent removal of the phrase "by any court" from § 7422(d), before it was passed in 1991, shows that Congress intentionally removed the limits of judicial review of § 7422(d) except to the extent that § 7422(e) provides for the D.C. Circuit's exclusive review of FLRA orders involving certain employees or subject matter related to those employees.

The Explanatory Statement of the House-Senate conferees discussed the deletion of any form of judicial review of § 7422(d) determinations under a heading entitled "Review of Secretary's Collective Bargaining Determinations." 137 Cong. Rec. 8802 (1991). By contrast, the Explanatory Statement discussed the adoption of what would become § 7422(e) under the separate heading of "Jurisdiction for Certain Cases." To further support the significance of this deletion, Appellants cite the comments of the bill's principal sponsor and then Chairman of the Veterans' Affairs Committee, Senator Cranston, who said:

> Although the compromise agreement does not provide for independent agency review of the Secretary's negotiability decisions based on a professional conduct or competence interpretation, *the prohibition against court review of such decisions has been*

*eliminated. . . . [P]rofessional conduct or compe-tence would be reviewable by a court of competent jurisdiction — most likely a Federal district court. . . .* [T]he compromise agreement does provide for a check on the Secretary's exercise of discretion in this area, which is of critical importance to maintaining a situation of good faith bargaining.

137 Cong. Rec. 8296 (Apr. 17, 1991) (emphasis added). The VA argues that Senator Cranston's statement was not a clear expression of legislative intent because he stated that judicial review would "most likely" be conducted by a district court. It is also true that remarks made by Senator Cranston regarding this bill recognize that the "statute as enacted is a compro-mise between potentially conflicting purposes." *Nat'l Fed'n of Fed. Employees Local 589 v. F.L.R.A.*, 73 F.3d 390, 394 (D.C. Cir. 1996). The VA also suggests that we reject Appel-lants' argument regarding the "structure of the predecessor statute" because there is no legislative history for the pre-decessor. Despite these objections by the VA, we find that the changes between the 1990 proposal and the final 1991 law support Plaintiffs-Appellants' view and further support our rejection of the VA's alternate grammatical constructions of § 7422(e).

### B.   *The VA Permissibly Excluded Its Decision From Review By An Arbitrator Or Any Other Agency*

Having concluded that the district court had jurisdiction to hear this matter we turn now to the grant of summary judg-ment. Our review of the district court's decision to grant sum-mary judgment is de novo. *See, e.g.*, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). The district court's decision, granting summary judgment to the VA, was based upon the agency's application of 38 U.S.C. § 7422(b) and (d). Generally, we give great deference to agency interpretations involving statutes under which the agency operates. In the instant case, however, that interpreta-

tion is not entitled to the full level of deference typically afforded administrative decisions pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984), because the agency's decision was issued in the form of an opinion letter and not as the result of a formal proceeding. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (holding that an agency's interpretations under such circumstances are "entitled to respect . . . but only to the extent that those interpretations have the power to persuade" (citations and internal quotations omitted)).

**[8]** The Plaintiff doctor and the union representing him challenge the district court's conclusion that the VA had exempted itself properly from arbitration because resolution of Savlov's grievance would involve issues of "professional conduct or competence." Section 7422(c) defines "professional conduct or competence" as meaning either "(1) Direct patient care" or "(2) Clinical competence." Appellants argue that this exclusion applies only to a "genuine health care determination," and not to a case alleging discrimination, but the VA challenges this extra-statutory standard and advocates a more expansive reading of the statute. The parties dispute whether the statute's text, legislative intent, and policy considerations favor consideration of the VA's anticipated defenses as a basis for exempting the VA from arbitration and administrative review.

Appellants contend that the instant grievance is based on allegations of discrimination and therefore an allegation that the decision was not based upon "direct patient care" or "clinical competence." Appellants' claim, that the basis of the discontinuation of Savlov's specialty pay was age and gender discrimination, is supported by his allegations that younger physicians continued to receive surgical duties and that a female surgeon of similar age was also reassigned from surgical duties but continued to receive specialty pay for surgery that she was not performing. The non-discriminatory reasons offered by the VA can be found in the decision paper issued

by the VA Under Secretary in this case, and include: (1) the "specific patient care needs" created by a decrease in the surgical workload and a substantial backlog of C&P examinations, which Dr. Savlov was competent to perform; (2) the increasingly limited surgical privileges held by Dr. Savlov as a result of a privileging process that serves as an "indicator of a physician's competence to perform particular surgical procedures";[5] and (3) the fact that reassignment of another surgeon to address the backlog of compensation and pension examinations would have affected the availability of surgeons that were competent to perform a fuller range of surgical procedures needed by VA patients. [6]

The CBA clearly was intended to cover grievances related to discrimination. *See 1997 Master Agreement Between the Department of Veterans Affairs and the American Federation of Government Employees* (describing three types of suits, including discrimination suits, that may be filed "under the statutory procedure or the negotiated grievance procedure but not both"). The CBA also specifies that disputes regarding the scope of § 7422(b) exemptions would be resolved in accordance with the "VA Partnership Council's *Guide to Collective Bargaining and Joint Resolution of 38 USC Section 7422 Issues*," which provides:

> [T]he definition of professional conduct and competence has often been the subject of dispute between

---

[5]Apparently the "peer review" committee at the hospital in which Dr. Savlov worked had severely limited the types of surgical procedures he could perform.

[6]Apart from his declining surgical qualifications and his competence to help with backlogged primary care, Dr. Savlov was often tardy and had been counseled on other issues. Appellants object to these facts to the extent they may not have all been before the Under Secretary when he made his determination. We find it unnecessary to review each of these facts because the facts that were undisputedly before the Under Secretary at the time of his decision are sufficient to establish that the determination was within the VA's discretion.

labor and management. The Secretary has decided that VA will apply the exception to bargaining based on professional conduct or competence **"narrowly to matters clearly and unequivocally involving direct hand-on patient care or clinical competence."** Therefore, labor and management parties must be mindful of the fact that many matters affecting the working conditions of Title 38 employees affect patient care only *indirectly and therefore should be subject to bargaining.*

No contract or arbitration should attempt to define the care which is given to patients. Nor should a contract or arbitration define the professional qualifications for positions or whether particular employees meet those qualifications.

(emphasis in original).

**[9]** Although Dr. Savlov and the union may have relied upon indications by the VA that it would not claim an exemption in discrimination cases, we agree with the district court, which found that the VA's prior statements do not prevent the VA from arguing for an application of § 7422(b) exemptions in such cases. The VA argues that the resolution of the discrimination claims in this case would give rise to defenses based upon the VA's view of patient care and the relative competence of the hospital's employees in connection with those services. We find it unnecessary to discuss the legislative history, cited by Appellants, indicating that the "professional conduct or competence" exemption ought to be narrowly applied, because the instant grievance involves issues that plainly fall within a narrow construction of the exemption. We find that the grievance is related to "direct patient care" because the grievance challenged the ability of the VA to provide adequate patient care by reducing the backlog of C&P examinations and by ensuring that the hospital's available surgeons were competent to perform a wide array of

surgical procedures. In addition, the grievance challenged the VA's determination of Savlov's relative clinical competence, as compared to the clinical competence of other doctors, with respect to their ability to perform certain surgical procedures and C&P examinations.

**[10]** Appellants argue that the VA's unproven defenses ought not serve as the basis for a § 7422(b) exemption because a completely unfounded, factually incorrect defense concerning or arising from an issue of patient care could prevent further substantive review of a grievance. Appellants also argue that the VA could prevent any meaningful development of an administrative record for judicial review by effectively ending the factual inquiry into a grievance at the time of the VA's determination that the grievance falls within one of § 7422(b)'s exemptions. We find Appellants' arguments unpersuasive for two reasons.

First, a holding for Appellants would result in an equally troubling result. Decisions that are clearly related to patient care could be challenged in arbitration or other agency forums by grievants who simply craft the language of their complaints to avoid mention of "direct patient care" or "clinical competence." Congress has entrusted the VA Secretary with the sole authority to determine whether a § 7422(b) exemption applies to a grievance, and the language of the statute does not limit the VA's application of such exemptions to cases that explicitly raise such issues on the face of the grievance. *See* 38 U.S.C. § 7422(d) ("[W]hether a matter or question concerns or arises out of [a § 7422(b) exemption] shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency.").

Second, even if a record had been developed by an arbitrator who determined that the VA's proffered defenses were pre-textual, the VA still would have the right to declare itself exempt from any adverse determinations by an arbitrator or other agency. *See AFGE, Local 446 v. Principi*, 404 F. Supp.

2d 14, 25 (D.D.C. 2005) ("[T]he matter [of a § 7422(b) exemption] may be raised at any stage of the FLRA proceedings, *even if the result is to reverse an arbitration award*." (emphasis added)).

Appellants also argue that a finding by the arbitrator that the discontinuance of Savlov's specialty pay and surgical duties was not the result of unlawful discrimination would require only that the arbitrator determine whether the VA's motive was discriminatory and not whether the purported reasons were sound decisions vis-à-vis patient care. We find this argument disingenuous because a determination of the VA's motives necessarily would involve an examination of the legitimacy of the non-discriminatory reasons offered by the VA to justify the adverse action. Therefore, we conclude that the reasons offered by the VA have the "power to persuade" us that the VA's application of the "professional conduct or competence" exemption was not beyond the VA's discretion in this case.

In light of our conclusion that Dr. Savlov's claim was exempt from arbitration or further review by any agency because it related to "professional conduct or competence," as defined by § 7422(c), we find it unnecessary to address the VA's claim that the district court erred by denying the applicability of the exemption based on "the establishment, determination, or adjustment of employee compensation."

**AFFIRMED.**