237 F.3d 1026 (9th Cir. 2001)
 GWENDOLYN CARMEN, Plaintiff-Appellant,
v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT; JONES WONG; DELORES LEMON-THOMAS; MARY TWEGBY;RODERICK HONG; CYNTHIA LEBLANC; DIANNE LUCAS; LARRY ROWELL; UNITED EDUCATORS OF SAN FRANCISCO; MARIE GEHLEN; MARY AHYTE; KENT MITCHELL, Defendants-Appellees.
 No. 98-16555
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted May 4, 2000
Filed January 16, 2001
 
 Gary Michael Coutin, San Francisco, California, for the plaintiff-appellant.
 April Madison-Ramsey, Deputy City Attorney, San Francisco, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California Maria-Elena James, Magistrate Judge, Presiding. D.C. No.CV-93-01551-MEJ
 Before: Harlington Wood, Jr.,[1] Andrew J. Kleinfeld, and Susan P. Graber, Circuit Judges.
 KLEINFELD, Circuit Judge:
 
 
 1
 This case turns on summary judgment procedure. The issue is whether a judge must consider materials outside the motion papers and things referred to therein.
 
 Facts
 
 2
 Plaintiff Gwendolyn Carmen holds state certification to teach elementary school. For many years, she worked as a day to day substitute teacher in San Francisco. Though she does not speak, read or write Chinese, she worked as a long-term substitute teacher in a fifth grade Chinese bilingual class during the 1991-92 school year. She had a Chinese-speaking teacher's aide.
 
 
 3
 Carmen lost the long-term substitute Chinese bilingual job for the 1992-93 school year to Eleanor Chan. Both Chan and Carmen lacked bilingual education certificates, but Chan spoke Chinese. Carmen sued the school district, claiming that she was discriminated against in this appointment because she is Black.[2] The district court granted summary judgment against her.
 
 
 4
 Carmen made another claim--one of more substance than her claim that the school district discriminated against her because she was Black by hiring someone who could speak Chinese to teach a Chinese bilingual class. The more substantive claim is that the school district retaliated against her for filing her lawsuit. An employer may not retaliate against someone for filing a civil rights claim, whether the claim is meritorious or not.[3] Carmen claims that because she sued, the school board refused to hire her for any more long-term substitute teaching assignments, and gave her only day to day substitute assignments for a year and a half. This arrangement denied her the probationary status that goes with a long-term assignment, and that places a non-tenured teacher closer to tenure.
 
 
 5
 The school district moved for summary judgment on all claims, including the retaliation claim. The district court granted the motion, because Carmen had failed to produce any evidence showing that the school district's actions were in retaliation for filing her civil rights claims.
 
 Analysis
 
 6
 Carmen's memorandum in opposition to the school district's motion for summary judgment did not point to any competent evidence of retaliation whatsoever. The only evidence supporting a retaliation claim, in all of the papers submitted or even mentioned in the summary judgment proceedings, was a statement by Carmen in her deposition that she believed she was denied a position because of her lawsuit: "I believe it's because of this court case." She did not testify to any admission by a representative of defendant or any other evidence, direct or circumstantial, to support this subjective statement.
 
 
 7
 On this evidence, the district court was correct in determining that there was no genuine issue of material fact. A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent.[4] Carmen failed to show personal knowledge. It is not enough for a witness to tell all she knows; she must know all she tells. As the district court correctly concluded, there was no evidence in the deposition or anywhere else in the summary judgment papers of any basis in personal knowledge for the plaintiff's subjective belief about the defendant's motive. Federal Rule of Civil Procedure 32(a) makes deposition testimony usable in motion proceedings "so far as admissible under the rules of evidence," and Federal Rule of Evidence 602 prevents a witness from testifying on a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."
 
 
 8
 The difficulty in this case arises because there was other evidence, not in the summary judgment papers, that would have made Carmen's retaliation case much stronger, andwould have furnished a basis in personal knowledge for her belief. In her brief on appeal to this court, Carmen quotes from a declaration she made where she said that a vice president of the school board told her that "as long as I continue to maintain legal proceedings against the District, I will be unable to obtain employment with the district." The school board official filed a declaration that he had never made any such statement. On summary judgment, however, Carmen's declaration that the vice president of the school board did make the statement would be enough to establish a genuine issue of fact. Unfortunately, Carmen did not quote this statement, mention it, advert to the declaration where it is made, or do anything else to alert the magistrate judge working on the school district's summary judgment motion that the statement was in the record. Her lawyer provided the court with an itemized statement of 38 undisputed and disputed facts in opposition to the motion for summary judgment, but did not refer to this statement. Though defendants raise evidentiary objections to use of this statement, we assume for purposes of discussion that it would be cognizable in opposition to summary judgement and would establish a genuine issue of fact as to whether the district retaliated against Carmen for filing her civil rights lawsuit.
 
 
 9
 Understandably, when the magistrate judge wrote her decision, she was unaware of this statement. The record in this case consists of six heavily stuffed folders of papers, eight or nine inches thick when pressed together. The declaration with this retaliation admission was filed two years before the summary judgment motion at issue. Carmen had sued her union as well as the school board and others. The declaration alleging the retaliation admission was filed in opposition to the union's motion for summary judgment (not the school board's motion that is before us on this appeal). That motion had been decided (the union prevailed) a year and a half, and many hundreds of pages of record, before the decision on the motion at issue on this appeal. As a practical matter, there was no reason why the magistrate judge would remember or look for Carmen's by-then ancient declaration.
 
 
 10
 We review summary judgment de novo.[5] Does that mean that, even though a declaration in the record was not in the papers in opposition to summary judgement, and the district court was not made aware of it, we should nevertheless reverse the grant of summary judgment?
 
 
 11
 Federal Rule of Civil Procedure 56 is arguably ambiguous. Supporting the proposition that the motion should be judged on the basis of the motion papers, the rule says that "the adverse party's response, by affidavits or as otherwise . . . , must set forth specific facts showing that there is a genuine issue for trial."[6] But supporting the proposition that the judge must peruse the entire file, the rule requires that summary judgment motions must be granted unless the materials "on file . . . show that there is no genuine issue."[7] These provisions can and should be reconciled. They mean, taken together, that whatever establishes a genuine issue of fact must both be in the district court file and set forth in the response.
 
 
 12
 We held in Forsberg v. Pacific Northwest Bell Telephone Co.[8] that, even if an affidavit is on file, a district court need not consider it in opposition to summary judgment unless it is brought to the district court's attention in the opposition to summary judgment.[9] We held that a district court is "not required to comb the record to find some reason to denya motion for summary judgment" and that, "[i]f a party wishes the court to consider an affidavit for more than one issue, the party should bring that desire to the attention of the court."[10]
 
 
 13
 But in Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,[11] decided subsequently, we created ambiguity, though not disagreement. In Nilsson, we affirmed a summary judgment where the opposing party had made no specific factual showing in its opposition, without regard to whether genuine issues of fact existed in the record as a whole.[12] In that case, however, a local rule and court admonition plainly required that the genuine issue be shown in the evidence submitted in opposition.[13] The ambiguity was created by a footnote where we said that, "[i]n the absence of such a local rule, we do not determine whether the district court has an independent duty to search and sift the factual record for the benefit of a defaulting party. We leave that issue to another day."[14] Thus, Nilsson expressly refused to reach the issue before us: In the absence of a local rule, does he district court have an independent duty to search and sift the factual record for the benefit of a defaulting party?
 
 
 14
 Other circuits are not unanimous, but Forsberg is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein. Four circuits, the Fifth,[15] Sixth,[16] Seventh,[17] and Tenth,[18] have so held, in carefully considered and persuasive opinions. Only the First Circuit has gone the other way,[19] but it reached its conclusion with "reluctance," and suggested that "the specter of district court judges being unfairly sandbagged by unadvertised factual issues" could be addressed by local rules and district court orders, producing the same practical result.[20]
 
 
 15
 To avoid confusion that might remain after Nilsson, we now expressly reaffirm Forsberg. It is compelled by prior precedent.[21] It has textual support in the rule; the references in the rule requiring that parties "set forth specific facts" in opposition and "on file" are more easily read to mean that both are required, than to mean that the facts need only be in some paper "on file." And it is vastly more practical. This case has a record of ordinary length, and was of ordinary duration, yet a judge would have to read several reams of paper, going back two years, to find the text establishing the genuine issue of fact, because it was not in the opposition to the summary judgment motion. A substantial number of cases have records that fill a drawer or two of a filing cabinet, and some big cases sometimes fill multiple five-drawer file cabinets in the clerks' offices. A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read. It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.
 
 
 16
 Rule 56 may be adequately satisfied by a lawyer designating where (outside the opposition papers) the critical evidence can be found and what it says, though ordinarily the better practice would be to photocopy and attach the evidence to the opposition papers. It is difficult to imagine why the respondent's lawyer would not remember or find the evidence needed to defeat the motion and show it to the judge by attaching it to the opposition papers. Whether the evidence is attached or not, Rule 56(e) requires that the adverse party's "response," not just the adverse party's various other papers, "set forth specific facts" establishing a genuine issue.[22]
 
 
 17
 The alternative, requiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair. The cases often refer to the unfairness to the district court, which is substantial, but hardly the full story. If a district court must examine reams or file cabinets full of paper looking for genuine issues of fact, as though the judge were the adverse party's lawyer, an enormous amount of time is taken away from other litigants. Other litigants could have that judicial time, and get their cases resolved better and faster, if the district court could limit examination to the materials submitted in opposition to the summary judgment motion.
 
 
 18
 Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers. Unless the court holds oral argument and brings up the fruit of its search, the movant never receives notice and an opportunity to be heard on the critical evidence. If given an opportunity, the movant might sometimes be able to show that the appearance of a genuine issue of fact was illusory.
 
 Conclusion
 
 19
 We hold that the district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers. Though the court has discretion in appropriate circumstances to consider other materials, it need not do so. The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.
 
 
 20
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Harlington Wood, Jr., Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.
 
 
 [2]
 Her complaint has fifteen counts, on many theories in addition to what we discuss here. This decision deals only with the retaliation claim. Our memorandum disposition, filed concurrently with this opinion, deals with all the others, and affirms.
 
 
 [3]
 42 U.S.C. 2000e-3(a) (1994).
 
 
 [4]
 Fed. R. Civ. P. 56(e). "The requirement of Rule 56(e) that affidavit testimony be competent and admissible evidence applies with equal force to deposition testimony." Samuels v. Doctor's Hosp. Inc., 588 F.2d 485, 486 n.2 (1979); see also Adickes v. S. H. Kress & Co., 398 U.S. 144, 155-56 (1970).
 
 
 [5]
 See Adcock v. Chrysler Corp., 166 F.3d 1290, 1292 (9th Cir. 1999).
 
 
 [6]
 Fed. R. Civ. P. 56(e) (emphasis added).
 
 
 [7]
 Fed. R. Civ. P. 56(c) (emphasis added).
 
 
 [8]
 Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409 (9th Cir. 1988).
 
 
 [9]
 Id. at 1417-18.
 
 
 [10]
 Id. at 1418.
 
 
 [11]
 Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1542 (9th Cir. 1988).
 
 
 [12]
 See id.
 
 
 [13]
 See id. at 1541.
 
 
 [14]
 Id. at 1545 n.1.
 
 
 [15]
 See Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992).
 
 
 [16]
 Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992).
 
 
 [17]
 See L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561, 567 (7th Cir. 1993).
 
 
 [18]
 See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998); Downes v. Beach, 587 F.2d 469, 471-72 (10th Cir. 1978).
 
 
 [19]
 Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930 (1st Cir. 1983).
 
 
 [20]
 Id. at 931.
 
 
 [21]
 See Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1417-18 (9th Cir. 1988).
 
 
 [22]
 Fed. R. Civ. P. 56(e).