## Raj Christopher GUPTA, Plaintiff—Appellant,

v.

Harold F. GREEN; D.L. Runnels, Chief Deputy Warden; Glover, Lieutenant; M. Jennings, Appeals Coordinator; S. Ransdell, Appeals Coordinator; Hastie, Correctional Officer; C.J. Spirk; G. McCormick, Captain; S.C. Wheeler, Lieutenant; D. Blankenship; Singletary; S. Cook; M.L. Evans; Donald Huffman; E. Cervantes, Defendants—Appellees.

No. 03–55709.

D.C. No. CV–00–00124–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Sept. 29, 2004.

Before OAKES,* KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

---

** The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Gupta was fully advised, in accord with *Rand v. Rowland,*[1] of the need to furnish a sworn statement, or other cognizable evidence in support of his retaliation claim, if he was to avoid summary judgment on his 42 U.S.C. § 1983 claim. He did not do so. The defendants submitted cognizable evidence that the actions had been taken for legitimate penological purposes, permissible under *Turner v. Safley,*[2] and not taken to discriminate against Gupta's free exercise of his religious beliefs or to retaliate against him for filing grievances. Gupta's declaration under penalty of perjury merely swore that he did indeed incorporate the statement of facts in his amended complaint, not that the statements in that unverified complaint were true. There was no justification for Gupta's failure, in the papers he submitted in opposition to the motion for summary judgment, to swear under penalty of perjury to the facts he might claim would establish a genuine issue of fact. Even if Gupta meant to swear to facts in the amended complaint, he did not tell the judge where to find the relevant facts in the extremely lengthy amended complaint. Under *Carmen v. San Francisco Unified School District,*[3] it was not incumbent on the judge to search the record, outside the papers Gupta submitted in opposition, for anything that might support the claim.

**AFFIRMED.**

1. *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998).

2. *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

3. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026 (9th Cir.2001).

