**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CORNHUSKER CASUALTY INSURANCE
COMPANY,
            *Plaintiff-Appellee,*

            v.

CHRIS KACHMAN,

                        *Defendant,*

            and

BROOKS SAMPLES, individually and
as Personal Representative of the
Estate of Leanne Samples,
            *Defendant-Appellant.*

No. 06-35106

D.C. No.
CV-05-05026-RBL

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
October 19, 2007—Seattle, Washington

Filed January 30, 2008
Amended January 13, 2009

Before: Ronald M. Gould and Richard A. Paez,
Circuit Judges, and Lyle E. Strom,* District Judge.

Opinion by Judge Gould

---

*The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

463

## COUNSEL

Kevin Coluccio, Garth L. Jones, Paul L. Stritmatter, Stritmatter Kessler Whelan Withey Coluccio, Hoquiam, Washington, for defendant-appellant Brooks Samples.

Irene M. Hecht, Maureen M. Falecki, Keller Rohrback L.L.P., Seattle, Washington, for plaintiff-appellee Cornhusker Casualty Insurance Company.

## ORDER

In an order filed on January 30, 2008, we certified the following question to the Washington Supreme Court:

> Does sending notice of cancellation by certified mail satisfy the "mailed" requirement of RCW § 48.18.290 (1997) and give sufficient notice of cancellation to comply with RCW § 48.18.290, even if there is no proof that the cancellation letter was received by the insured?

*Cornhusker Cas. Ins. Co. v. Kachman*, 514 F.3d 982, 988-89 (9th Cir. 2008). On December 18, 2008, the Washington Supreme Court answered the question in the negative. Accordingly, the opinion filed on January 30, 2008 is AMENDED as follows.

First, the last sentence before section I, originally:

> Thus, to resolve this question of statutory interpretation, in a separate order filed concurrently with this

> opinion we certify to the Washington State Supreme Court the sole dispositive issue of whether notice sent by certified mail qualifies as "mailed" under RCW § 48.18.290 and therefore satisfies the statutory notice requirement even if the letter is never received by the insured.

shall be replaced by the following:

> Thus, to resolve this question of statutory interpretation, we certified to the Washington State Supreme Court the sole dispositive issue of whether notice sent by certified mail qualifies as "mailed" under RCW § 48.18.290 and therefore satisfies the statutory notice requirement even if the letter is never received by the insured. On December 18, 2008, the Washington State Supreme Court determined that a certified letter must be delivered to the last known address of the insured to constitute effective notice. Specifically, the Washington State Supreme Court concluded: "Sending notice of cancellation by certified mail does not satisfy the 'mailed' requirement of RCW 48.18.290. In order for certified mail to meet the statutory notice requirement, the notice must be 'actually delivered.'" *Cornhusker Cas. Ins. Co. v. Kachman*, 81160-1, 2008 Wash. LEXIS 1226, at *13 (Wash. Sup. Ct. Dec. 18, 2008). Therefore, we hold that because Rockeries did not receive delivery of the cancellation letter, Cornhusker did not provide effective cancellation notice. We reverse the district court's grant of summary judgment to Cornhusker, and instruct the district court to grant summary judgment to Samples.

Second, the section titled V, originally:

> Finally, Samples argues that the district court erred in determining that notice sent by certified mail sat-

isfies the "mailed" requirement of RCW § 48.18.290 and that a letter of cancellation sent via certified mail provides sufficient notice of cancellation to comply with RCW § 48.18.290 even if the cancellation letter was never received by the insured. Because our review of the district court's legal determination rests entirely upon an unsettled question of Washington state law, we have certified this legal issue to the Washington State Supreme Court. We stay further proceedings pending resolution of our certified question to the Washington State Supreme Court of what constitutes "mailed" under RCW § 48.18.290.

**FURTHER PROCEEDINGS STAYED**

shall be replaced with:

Finally, Samples argues that the district court erred in determining that notice sent by certified mail satisfies the "mailed" requirement of RCW § 48.18.290 and that a letter of cancellation sent via certified mail provides sufficient notice of cancellation to comply with RCW § 48.18.290 even if the cancellation letter was never received by the insured. We certified this legal issue to the Washington State Supreme Court, and the court has agreed with Samples's interpretation of the statute. For that reason, Cornhusker did not provide effective cancellation notice and therefore they must insure Rockeries for the accident that occurred on October 22, 2004.

We REVERSE the order of the district court granting summary judgment to Cornhusker, we instruct the district court to grant Samples' cross-motion for summary judgment, and we REMAND for a determination of damages.

REVERSED and REMANDED with instructions.

It is so ordered.

## OPINION

GOULD, Circuit Judge:

Brooks Samples ("Samples") appeals the district court's grant of summary judgment in favor of Cornhusker Casualty Insurance Company ("Cornhusker") and denial of Samples' cross-motion for summary judgment in Cornhusker's declaratory judgment action. The district court held that Cornhusker, before the accident that resulted in the death of Samples' wife, effectively cancelled its policy insuring the company responsible for her fatal injuries. The crux of the district court's holding is its determination that certified mail satisfies the notice requirement for cancellation of an insurance policy under the Revised Code of Washington ("RCW") § 48.18.290. Samples challenges this conclusion and also argues that Cornhusker, because it informed the insured that it would collect the premium in a quarterly payment plan, is estopped from denying coverage under its insurance policy when the insured paid its last installment less than three months after the previous payment. Cornhusker, in addition to endorsing the district court's statutory interpretation, contends that Samples waived his right to argue that certified mail, unlike regular mail, must actually be delivered in order to satisfy the notice requirement of RCW § 48.18.290 because he did not raise the issue before the district court. We have jurisdiction under 28 U.S.C. § 1291. We hold that the issue of statutory interpretation raised by Samples has not been waived, and we further hold that Cornhusker is not equitably estopped from asserting its contrary theory of statutory interpretation. Thus, to resolve this question of statutory interpretation, we certified to the Washington State Supreme Court the sole dispositive issue of whether notice sent by certified mail qualifies as "mailed" under RCW § 48.18.290 and therefore

satisfies the statutory notice requirement even if the letter is never received by the insured. On December 18, 2008, the Washington State Supreme Court determined that a certified letter must be delivered to the last known address of the insured to constitute effective notice. Specifically, the Washington State Supreme Court concluded: "Sending notice of cancellation by certified mail does not satisfy the 'mailed' requirement of RCW 48.18.290. In order for certified mail to meet the statutory notice requirement, the notice must be 'actually delivered.' " *Cornhusker Cas. Ins. Co. v. Kachman*, 81160-1, 2008 Wash. LEXIS 1226, at *13 (Wash. Sup. Ct. Dec. 18, 2008). Therefore, we hold that because Rockeries did not receive delivery of the cancellation letter, Cornhusker did not provide effective cancellation notice. We reverse the district court's grant of summary judgment to Cornhusker, and instruct the district court to grant summary judgment to Samples.

# I

Beginning on June 28, 2000, Cornhusker, a Nebraska company, provided commercial auto insurance for Rockeries, Inc. ("Rockeries"), a Washington landscaping company. The policy renewed annually with a "quarterly" payment plan under which, after the first year, the total annual premium was billed in four equal installments throughout the year as specified on each installment notice. On eleven separate occasions during the more than four years that Cornhusker insured Rockeries, Rockeries did not pay a premium installment on time. After each payment deadline passed, Cornhusker sent a letter notifying Rockeries of the date the policy would be cancelled if Cornhusker did not receive Rockeries' payment. On all but two of these occasions, Rockeries paid the amount due before the cancellation date and Cornhusker sent Rockeries a notice that Rockeries' policy would be reinstated with no lapse in coverage. Rockeries did not pay by the cancellation date in January of 2001, but Cornhusker did not cancel Rockeries' policy because the envelope containing the payment was post-

marked before the cancellation date and the payment was received within five days of the cancellation date.

After Rockeries did not pay the premium installment due on September 2, 2004, Cornhusker, on September 29, 2004, sent via certified mail a letter notifying Rockeries that the policy would be cancelled if the payment was not received by October 19, 2004. Rockeries did not pay by the cancellation date for the second time and Cornhusker cancelled Rockeries' policy on October 19. On October 22, 2004, Leanne Samples was fatally injured in an automobile accident with a Rockeries employee. Rockeries notified its insurance broker of the accident on October 25, 2004, and Cornhusker received a check from Rockeries for the past-due premium installment on October 28, 2004. Rockeries never received the cancellation letter that Cornhusker sent by certified mail on September 29, and the letter was returned to Cornhusker on November 1, 2004.

Brooks Samples, Leanne's husband and the administrator of her estate, brought a wrongful death action against Rockeries and its owners in Washington state court. Cornhusker then brought this action against Rockeries and Samples seeking a declaratory judgment that it had effectively cancelled its policy insuring Rockeries due to nonpayment of premiums prior to the accident and that it therefore had no obligation to provide Rockeries with a defense or assume any liability in the wrongful death action.

Cornhusker filed a motion for summary judgment. Samples filed a cross-motion for summary judgment in which he asserted that Cornhusker never cancelled the policy because it had sent the cancellation notice to Rockeries by certified mail. Samples argued that because certified mail requires a signature for delivery and because the letter was returned to Cornhusker, the cancellation letter was never delivered. Samples contended that the failed delivery deprived Rockeries of the notice of cancellation mandated by RCW § 48.18.290.

Samples also argued that Cornhusker was estopped from denying Rockeries coverage because (1) Cornhusker had on one occasion accepted late payments from Rockeries in the past and (2) the policy stated that Rockeries had to pay the premium on a quarterly basis and Cornhusker had received Rockeries' payment less than three months after Cornhusker received Rockeries' previous installment payment.

The district court granted Cornhusker's motion for summary judgment and denied Samples' cross-motion for summary judgment, holding that as a matter of law notice sent by certified mail is "mailed" under RCW § 48.18.290 and that a letter of cancellation sent via certified mail provides sufficient notice of cancellation to comply with the statute even if, as in this case, the cancellation letter was never actually received by the insured. The district court rejected both of Samples' estoppel arguments, holding (1) that under Washington law one instance will not establish a course of conduct that will support estoppel and (2) that the course of conduct and the written premium notices called for Rockeries to make premium payments in July, late August or early September, November, and February, and not every three months. Samples timely appealed the district court's judgment.

## II

We review de novo the district court's grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We must determine, viewing the evidence in the light most favorable to Samples, if, on any ground supported by the record, there exists a genuine issue of material fact that should go to trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). We also review de novo the district court's interpretation of state law. *United States v. Davidson*, 246 F.3d 1240, 1246 (9th Cir. 2001).

## III

Preliminarily, Cornhusker contends that Samples waived his right to argue that certified mail, unlike regular mail, can-

not merely be mailed but must actually be delivered to satisfy the statutory notice requirement of RCW § 48.18.290 because he raises the issue for the first time on appeal. Cornhusker claims that before the district court Samples instead argued that Cornhusker's mailing of the notice of cancellation by certified mail did not effectively cancel the policy because RCW § 48.18.290 does not authorize the use of certified mail to provide notice of cancellation.

**[1]** Ordinarily, "an appellate court will not hear an issue raised for the first time on appeal." *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976)). However, we will not consider an issue waived or forfeited if it has been "raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).

**[2]** Before the district court, Samples argued against allowing notice sent by certified mail to qualify as "mailed" under RCW § 48.18.290 by contending in his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment that " 'mailed' must be interpreted to mean 'regular mail,' and to exclude the use of certified mail, which, like personal delivery, requires that someone be present to accept delivery." Because the district court was sufficiently apprised of the "actually delivered" issue when it ruled that RCW § 48.18.290 allows for notification by certified mail, we reject Cornhusker's waiver argument and proceed to analyze Samples' appeal on its merits.

## IV

**[3]** Samples contends that Cornhusker is equitably estopped from denying coverage because under the ordinary meaning of the term "quarterly," the payment Rockeries made on October 28, 2004 was timely.[1] To establish equitable estoppel

---

[1]Samples does not press on appeal the argument he made before the district court that Cornhusker is equitably estopped from denying coverage because it accepted late payment from Rockeries on an earlier occasion.

under Washington law, Samples must show (1) that Cornhusker's prior conduct was inconsistent with the claim it later asserted, (2) that Rockeries acted in reasonable reliance on that conduct, and (3) that Rockeries would suffer an injury from allowing Cornhusker to contradict or repudiate its prior conduct. *See Saunders v. Lloyd's of London*, 779 P.2d 249, 255 (Wash. 1989). We conclude that Samples does not meet this standard.

**[4]** Samples contends that Cornhusker is estopped from cancelling Rockeries' policy because Cornhusker received the final payment less than three months after Cornhusker received Rockeries' prior payment, thereby satisfying the requirements of the quarterly payment plan. While the Cornhusker policy specified that Rockeries would be billed on a quarterly payment plan, Cornhusker explicitly had specified which "quarters" of the year it expected payments by sending Rockeries installment notices that listed the due dates for all payments. Moreover, with the exception of the first policy year, Rockeries had always been required to make equal installment payments in July, late August or early September, November, and February. Cornhusker's requirement that Rockeries pay a premium installment on September 2, 2004 was consistent with the installment notices and Cornhusker's actions during the three previous years it collected premiums from Rockeries, thus preventing Samples from proving the first prong of the estoppel standard. Cornhusker is not equitably estopped from cancelling Rockeries' insurance policy.

**V**

**[5]** Finally, Samples argues that the district court erred in determining that notice sent by certified mail satisfies the "mailed" requirement of RCW § 48.18.290 and that a letter of cancellation sent via certified mail provides sufficient notice of cancellation to comply with RCW § 48.18.290 even if the cancellation letter was never received by the insured. We certified this legal issue to the Washington State Supreme Court,

and the court has agreed with Samples's interpretation of the statute. For that reason, Cornhusker did not provide effective cancellation notice and therefore they must insure Rockeries for the accident that occurred on October 22, 2004.

We REVERSE the order of the district court granting summary judgment to Cornhusker, we instruct the district court to grant Samples' cross-motion for summary judgment, and we REMAND for a determination of damages.

REVERSED and REMANDED with instructions.