**Edward J. BORACCHIA; et al., Plaintiffs-Appellants,**

**v.**

**BIOMET, INC., Defendant-Appellee.**

**No. 08-15655.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 3, 2009.

Filed Oct. 9, 2009.

Barbara Helene Kramer, Esquire, Kramer & Kramer LLP, Ann Arbor, MI, Mitchell Alvin Kramer, Esquire, General, Kramer & Kramer LLP, Rydal, PA, Guido Saveri, Saveri & Saveri Inc., San Francisco, CA, Karen Lee Landau, Esquire, Oakland, CA, *for Plaintiffs–Appellants.*

Tory E. Griffin, Meghan Marie Gavin, Esquire, Elizabeth B. Stallard, Downey Brand, LLP, Sacramento, CA, for Defendant–Appellee.

Before: WALLACE, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Edward Boracchia and Boracchia & Associates (collectively, "Boracchia") appeal the district court's order dismissing their claims as time-barred under the statute of limitations. We affirm in part, reverse in part, and remand for further proceedings.

The question before us in this case is whether the district court properly applied the Indiana Uniform Commercial Code ("Indiana UCC") and its four-year statute of limitations, Ind.Code § 26–1–2–725(1) (2008), to bar Boracchia's breach of contract claim. Biomet argues that Boracchia waived any challenge to whether the Indiana UCC applies, and any arguments that the Indiana twenty-year statute of limitations applies, by failing to raise such arguments before the district court in their opposition to Biomet's Motion to Dismiss. Boracchia did not discuss the applicable statute of limitations in their opposition to Biomet's Motion to Dismiss, but raised the issue at oral argument. At the hearing, the district court reprimanded Boracchia's attorney for failing to make the arguments in their opposition brief, but did not as its *ratio decidendi* state that the arguments were waived. In its written order, district court stated that Boracchia's arguments regarding the Indiana twenty-year statute were "not well taken" and held that the Indiana UCC's four-year statute of limitations barred Boracchia's claim. Boracchia's arguments were preserved for appeal because they were raised before the district court at oral argument and the district court ruled on the merits of these arguments in its written order.[1]

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The issue of waiver is indeed close as our dissenting colleague ably demonstrates. *Carmen v. San Francisco United School District,* 237 F.3d 1026 (9th Cir.2001), addresses what

Although sometimes it may be obvious from the context that the judge is treating the claim as waived, here it was not and the judge did not say that he was treating it as waived.

The parties' contract contained a choice of law provision selecting Indiana law. The district court, sitting in diversity in California, applied California's choice of law principles and found that the choice of law provision of the contract was enforceable for the purpose of determining the statute of limitations. *Hatfield v. Halifax PLC,* 564 F.3d 1177, 1182 (9th Cir.2009) (applying California choice of law principles) (citing *Hambrecht & Quist Venture Partners v. Am. Med. Int'l Inc.,* 38 Cal. App.4th 1532, 46 Cal.Rptr.2d 33, 41 (1995)). We agree.

The contract, although entitled a "distributorship agreement," was an agency contract for services, not a contract for the sale of goods. Its language, the testimony and declarations, and the language of the termination letter, make it plain that Biomet's "devices" were to be sold by Biomet to the hospitals, and that none of the devices were sold to Boracchia. All that Boracchia bought were the "instruments," not the "devices," and the termination letter provided for repurchase of the "instruments" but not the inventory of devices. Thus, the Indiana UCC and its four-year statute of limitations do not apply. *See* Ind.Code § 26-1-2-102 (2008); *Insul-Mark Midwest v. Modern Materials,* 612 N.E.2d 550, 553 (Ind.1993).

Indiana law provides a general statute of limitations for actions on written contracts not governed by the Indiana UCC or another specific statute of limitations. Indiana's general statute of limitations for written contracts entered into before 1982 is twenty years. Ind.Code § 34-11-2-11 (2008); *cf. Meisenhelder v. Zipp Exp., Inc.,* 788 N.E.2d 924, 930 (Ind.Ct.App. 2003). Given that Boracchia's claim for breach of contract accrued in 1995, *see Meisenhelder,* 788 N.E.2d at 930, Boracchia's suit was timely. Thus, we reverse the district court's dismissal of Boracchia's breach of contract claim, and remand to the district court for further proceedings on this claim.

The district court also granted summary judgment against Boracchia on claims arising under the California Independent Wholesale Representatives Contractual Relations Act of 1990, Cal. Civ.Code § 1738, and the California Business and Professional Code 17200. Cal. Bus. Prof. Code § 17200. We affirm. Whether Boracchia waived these claims by failing to argue them in their opening brief on appeal, *see Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003), or whether the claims are barred by the statute of limitations (as the district court correctly held, both claims are subject to four-year statutes of limitation and accrued in 1995), the claims were properly dismissed.

**AFFIRMED in part, REVERSED in part, REMANDED.** Each party shall bear its own cost on appeal.

is required of a trial judge when facts for a genuine issue are set out in papers other than the opposition brief and the documents to which it refers. *Carmen* does not address the problem of insufficient argumentation in the opposition or hearing on the motion for summary judgment. While the record in district court is ambiguous on whether the judge was addressing the merits or waiver, we think the better reading is that he was addressing the merits. We cannot help but be influenced by the clear correctness of the proposition that Biomet simply and clearly on the record did not sell the medical devices to Boracchia, so the error in applying the statute of limitations for the sale of goods is crystal clear.

WALLACE, Circuit Judge, concurring and dissenting:

I agree with my colleagues (1) that the district court correctly applied California's choice of law principles to determine that the contract's Indiana choice of law provision was enforceable; (2) that all of Boracchia's claims accrued in 1995 when Biomet's letter terminating the contract was received; and (3) that summary judgment as to Boracchia's California state statutory claims was proper. I must respectfully dissent from one part of the disposition, however, because I believe that Boracchia waived any argument regarding the applicability of the UCC to his breach of contract claim.

Our circuit will not consider an argument on appeal unless it was "raised sufficiently for the trial court to rule on it." *See Cornhusker Cas. Ins. Co. v. Kachman,* 553 F.3d 1187, 1191–92 (9th Cir.2009); *In re E.R. Fegert,* 887 F.2d 955, 957 (9th Cir.1989). I do not believe that this standard was met here. Boracchia admits that this argument was not raised in his summary judgment papers, but argues that he sufficiently raised it in oral argument. However, the oral argument transcript shows that his lawyer asserted it only in the form of a conclusory comment that the UCC should not apply because this was not a contract for the sale of goods. The lawyer did not even spell out that the crux of this argument was the lack of transfer of title; the lawyer only tangentially alluded to such reasoning by saying that "distributorship" was a misnomer and there was no sale of goods. There was only a paucity of facts cited in support of this new argument during the hearing. There was an oblique referral to some deposition testimony, but without a specific citation, so that the district court would have had to scour the deposition transcript to find to what Boracchia was referring, and then infer that the crux of the new argument was the lack of transfer of title.

Added to this unimpressive and faulty attempt to "raise" the issue at oral argument was, as the district judge pointed out, that until then, neither Biomet nor the district court had had any reason to believe that applicability of the UCC was in question. It certainly was well within the district judge's discretion to treat the issue as waived, as pointed out in our well written decision of *Carmen v. San Francisco Unified School District,* 237 F.3d 1026, 1030 (9th Cir.2001), and I believe that he did so here.

The district court's opinion could be considered somewhat ambiguous as to whether the district judge treated the argument as waived or whether it was rejected on its merits, when the court stated that the "new" argument was "not well taken" and then went on to apply the UCC. However, the meaning of the opinion becomes clear when it is taken together with the transcript of his decision at the oral argument. In response to a specific objection by Biomet that the issue was not properly raised, the district judge closed the hearing with a sound and emphatic explanation of why "new arguments at the very last minute are not properly to be considered." [ER 32–33.] With that, we know what the district judge later meant by "not well taken." The district judge also did not order any supplemental briefs, as might have been expected if he planned to reach the issue on the merits in his summary judgment decision (particularly because Biomet had no opportunity to address the issue in its papers).

In short, the argument was insufficiently raised in the district court, and based on the summary judgment opinion and his ruling in the transcript, I conclude that the district judge deemed it waived. Thus, I would affirm summary judgment for Biom-

et as to the breach of contract claims, on the ground that those claims were untimely under the Indiana UCC's four-year statute of limitations.