**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| N.F., a minor, by and through his guardian ad litem Melanie Flyte,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, A Local Educational Agency,<br><br>Defendant-Appellee. | No. 21-15781<br><br>D.C. No. 4:19-cv-02453-KAW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted April 13, 2022
San Francisco, California

Before:  SILER,** W. FLETCHER, and M. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner N.F. appeals from the district court's grant of summary judgment in favor of the Antioch Unified School District ("AUSD"). We have jurisdiction under 28 U.S.C. § 1291.

N.F. is an elementary school student who resided at all relevant times in the boundaries of AUSD. In May 2018, N.F. filed a due process hearing request with the Office of Administrative Hearings ("OAH") and named AUSD as the respondent. After four days of hearings and reviewing the evidence presented, the Administrative Law Judge ("ALJ") found in favor of AUSD on all the issues raised by N.F. N.F. filed an action seeking review of the ALJ's decision in the Northern District of California. The district court denied N.F.'s motion for summary judgment and granted AUSD's cross-motion for summary judgment. N.F. timely appealed.

We review the district court's findings of fact for clear error, and we review questions of law and mixed questions of fact and law de novo. *N.B. v. Hellgate Elementary Sch. Dist. ex rel. Bd. of Dirs.*, 541 F.3d 1202, 1207 (9th Cir. 2008). We accord administrative rulings in Individuals with Disabilities Education Act ("IDEA") cases "due weight," *Bd. Of Educ. v. Rowley*, 458 U.S. 176, 206 (1982), with greater deference given where the findings are "thorough and careful," *R.B. ex*

*rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007). The ALJ's thorough and careful decision in this case is entitled to substantial deference.

1. In 2016, Dr. Valerie Lopes assessed N.F. and concluded that he did not meet the California eligibility criteria for autism. N.F. contends that AUSD's failure to provide the testing protocols underlying Lopes's assessment violated IDEA and the California Education Code by interfering with his ability to show that the assessment was not legally compliant. We agree with the ALJ's finding that this argument was not properly raised because N.F. did not plead this issue in his complaint to OAH. N.F. made this argument for the first time in his closing brief before the ALJ.

2. On appeal before us, N.F. also contends that AUSD violated IDEA by failing to timely review N.F.'s behavior intervention plan ("BIP"). This issue is raised for the first time on appeal. Before the ALJ and district court, N.F. argued only that AUSD failed to timely convene Individualized Education Program ("IEP") meetings to discuss his BIP. "Ordinarily, an appellate court will not hear an issue raised for the first time on appeal." *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191 (9th Cir. 2009)). We therefore do not consider the issue as it is newly stated on appeal.

Even if we were to consider the issue as it was raised below, the record does not support N.F.'s contention that AUSD committed a procedural violation. AUSD convened multiple meetings with the express purpose of discussing and revising N.F.'s BIP.

3. N.F. contends that AUSD violated IDEA by conducting a manifestation determination review meeting ("MDR") on January 18, 2018, without providing his parents timely notice of the meeting and without his parents' consent. Even if AUSD committed a procedural violation, that violation is not actionable if it did not deprive N.F. of a free appropriate public education ("FAPE"). *See Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) (explaining that "[t]echnical deviations" do not render an IEP invalid). At the January 18 MDR, AUSD concluded that N.F.'s behaviors were a manifestation of N.F.'s disability. This conclusion meant that no disciplinary action would be taken against N.F. N.F.'s educational placement was not changed as a result of the MDR. Because the MDR did not affect either the educational opportunities or placement of N.F., it did not deprive him of a FAPE.

**AFFIRMED.**