NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KARLA KAY GAGEBY,

          Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

          Defendant - Appellee.

No. 24-2595

D.C. No.
2:23-cv-00030-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted April 8, 2025
San Francisco, California

Before: SCHROEDER, PAEZ, and MILLER, Circuit Judges.

     Karla Kay Gageby ("Gageby") appeals the district court's judgment

affirming the Commissioner of Social Security's denial of her application for

disability insurance benefits under Title II of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Gageby argues that the Administrative Law Judge ("ALJ") erred in downgrading her limitations in maintaining concentration, persistence, and pace from "moderate" to "mild" after a remand order from the district court.[1] We agree. The ALJ used nearly identical explanations to reach two different decisions. The ALJ did not explain why the justifications for her prior decision following the Psychiatric Review Technique, *see* 20 C.F.R. § 404.1520a, were no longer persuasive or how the new evidence introduced or considered for the first time on remand could justify downgrading Gageby's limitations. Nor does the district court's remand decision explain the change: the district court held that substantial evidence supported the ALJ's initial finding, and it remanded solely for the ALJ to evaluate Dr. Campion's opinion for the first time.

ALJs must explain their decisions, including changes in findings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) ("Because the 'grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based,' the agency must explain its reasoning." (cleaned up) (quoting *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 87 (1943))); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut.*

---

[1] The issue was "raised sufficiently for the [district] court to rule on it" and therefore has not been forfeited. *Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191–92 (9th Cir. 2009) (quoting *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)).

*Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (requiring "an agency changing its course" to "supply reasoned analysis for the change"). The ALJ's failure to explain why it changed Gageby's concentration limitations on remand is therefore legal error.

The ALJ's error was not harmless, and remand to the agency is required. "Moderate" limitations in concentration, persistence, and pace could affect Gageby's residual functional capacity ("RFC"), which presently contemplates that Gageby can "maintain attention, concentration, persistence, and pace" for "8-hour workdays and 40-hour workweeks." The ALJ's error also affected her assessment of Dr. Campion's medical opinion. In assigning weight to a medical opinion, the ALJ was required to consider how "consistent a medical opinion is with the record as a whole." 20 C.F.R. § 404.1527(c)(4).[2] Dr. Campion opined, among other limitations, that Gageby had "moderate" limitations in maintaining concentration, persistence, and pace. In assigning Dr. Campion's opinion minimal weight, the ALJ reasoned that "moderate limitations are not supported by the record as a whole." But in 2018, the ALJ found that the record supported finding moderate limitations. Therefore, the ALJ's evaluation of Dr. Campion's medical opinion appears to rely at least in part on her error in changing without justification Gageby's limitations in maintaining concentration, persistence, and pace. As a

---

[2] Because Gageby filed her claim before March 27, 2017, 20 C.F.R. § 404.1527 governs the ALJ's evaluation of medical opinions.

result, the ALJ never grappled with the other limitations that Dr. Campion identified, including his finding that Gageby was "moderately limited" in her "ability to understand and remember detailed instructions" and in her "ability to complete a normal workday and workweek without interruptions." Because these limitations could have affected her ultimate disability determination, the error is not harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). We therefore remand to the agency for further proceedings.

**2.** Because the ALJ must reevaluate Dr. Campion's medical opinion in any case, we need not address Gageby's other arguments that the ALJ erred in evaluating his medical opinion.

**REVERSED AND REMANDED.**